NEW-YORK,
May, 1823.

CLARK
v.
LAWRENCE.

---

## CLARK *against* LAWRENCE.

Whether the excuse for the party's not making an affidavit to obtain a *certiorari* must be shown to the commissioner who allows it, or may be shown for the first time against an application to set aside the writ? *Quere.*

To warrant an application to set aside a writ for irregularity, it should appear to be returned.

C. P. KIRKLAND, for the defendant, moved to *quash* a *certiorari*, to Justice's Court, because it was founded on the affidavit of the *attorney*, and not of the party in the Court below.

*Lynch*, contra, read an affidavit showing that the party was a widow, and did not conduct the suit in person, but left it to the attorney who made the affidavit. This last affidavit was made, to oppose the present motion, more than *thirty* days after judgment in the Court below. He referred to *Dickson* v. *Seelye*, (6 *John. Rep.* 327,) as decisive, to show that the affidavit containing the excuse, for not having the affidavit of the *party*, may be made *after* the thirty days.

*Kirkland*, said, in that case the affidavit was laid before the *Commissioner*, who allowed the writ. This is necessary, as the proceeding should be regular in the first instance.

The *Court*, however, inclined to consider it sufficient, if the excuse appeared in answer to the motion for setting aside the writ ; that it was in the nature of a cross application to amend ; and they were about to overrule *Kirkland's* motion, *on payment of costs* by the plaintiff ; when,

*Lynch,* objected that it did not appear, from the defen-dant's affidavits, that the *certiorari* was returned ; and the Court, being of opinion that this was necessary, in order to warrant the application, refused the motion, *with costs* to be paid by the defendant.

NEW-YORK,<br>May, 1823.

(a) In *Perrot* v. *Hele,* (3 *Wils.* 58,) it was said by *Yates, J.* and agreed to by the Court, that " you cannot take any advantage of the irregularity of process, without having it returned, and before the Court." The same point arose in *Walker* v. *Hawkey,* (5 *Taunt.* 853,) upon which *Copley & Best,* Serjts. were at issue, but it does not appear to have been necessarily involved in the decision of the cause ; and it is difficult, if not impossible, from the short note of the Court's opinion, to say how they considered it.