## SUPREME COURT.

In the matter of the SARATOGA AND WASHINGTON RAIL ROAD COM-
PANY, agt. McCoy, HODGMAN AND WILLIAMS, Trustees of School
District No. 1, in the town of Fort Edward, Washington co.

Opposing affidavits may be read on motion for a common law certiorari.

A certiorari will not lie to the trustees of a school district to review the pro-
ceedings of the trustees, or of the district meeting where the remedy is given
by appeal.

Whether a motion can be made to quash a certiorari after it is returnable, but
*before* it is actually returned.   *Quere.*

A writ of supersedeas may be granted before the return of the certiorari.

*Washington Special Term, March* 1851.   At the special term
of this court, in February last, a certiorari was allowed in open
court, on the ex parte application of the plaintiffs, directed to the
defendants, commanding them to certify the tax list, warrant and
apportionment of tax in school district No. I, in Fort Edward, in
April 1850, together with the assessment roll, resolutions of said
district, records and proceedings upon which the same were
founded with all things touching the same, and the mode and
manner of making such apportionment, to our justices, &c. at
their special term on the second Monday in March next, &c.
The error complained of in the affidavit, was that the trustees
had made their apportionment according to the town assessment
of 1848, in which year the rail road company were taxed for 21
acres of land in said town in one item at $23,000.   That their
real estate consisted of the track of their road, about ten acres of
which was without the bounds of the said district.   The tax
assessed by the trustees upon the plaintiffs was $218·50, which
they had paid.

The defendants moved to quash or supersede the certiorari.
They deny that the apportionment of the district tax in question
was based upon the assessment roll of 1848, because in that year
the rail road company were not taxed at all, but on the assessment
roll of 1849; and they admit that they made a mistake in assess-
ing the company upon the whole sum at which they were taxed

in the town, without deducting the value of their real estate in said town, out of the bounds of the said district. This error made the tax of the rail road $38·23 too much; on discovering which, and after it had been paid by the company, they obtained the advice of the superintendent of common schools to correct the said tax list according to the statute, and refunded the said money thus erroneously collected from the company. There are some other facts stated in the affidavit on which the certiorari was allowed, which are controverted in the moving papers, but they are not necessary to be stated.

WAIT & PARRY, *for the Motion.*

W. L. F. WARREN, *Contra.*

WILLARD, Justice.—The certiorari in this case was granted upon an ex parte application. Had notice of the motion been given, the defendants could have successfully opposed it on the affidavit upon which the present motion is founded. Opposing affidavits may be read in opposition to a motion for a common law certiorari (1 *Hill*, 195; 2 *do.* 398). The case of Commissioners of Highways of Warwick vs. The Judges of the Orange County Courts (9 *Wend.* 434), was probably misreported, so far as it contains any different doctrine.

The trustees of the district were authorized by law to correct the error in the tax list and to refund the money improperly collected on it (*L. of* 1843, *p.* 165, § 13). After such correction and refunding the money, the plaintiffs had no reason to complain of the assessment; and there no longer remains any occasion to review the proceedings on certiorari. All this had been done before the certiorari was allowed.

But there is still another reason for quashing the writ. It was held in Slocum vs. Odell (2 *Wend.* 287), that a certiorari will not lie to the trustees of a school district to review the proceedings of the trustees or of the district meeting, because those proceedings could be corrected on appeal, under the law of 1827, to the commissioners of common schools of the town in which the district is situated. That case is approved in 2 *Hill*, 27, and the general

principle is affirmed that where a remedy is given by appeal a certiorari should not be granted. Under the Revised Statutes (1 vol. 487, § 169,) an appeal in this case was given to the aggrieved party from the decision of the school district or their trustees to the superintendent of common schools; which appeal by the 7th section of the Laws of 1833, p. 164, was required to be first presented to the county superintendent, whose decision might be reviewed on appeal to the superintendent of common · schools. The rail road company, therefore, had an ample remedy without resorting to a certiorari.

It has been objected that the present motion can not be entertained because the certiorari has not been returned, although it is returnable. In the People vs. The Judges, &c. (4 *Cowen*, 73), the same objection was taken to a motion to quash an alternative mandamus; and although it was stated by the court that a motion to quash the writ will not in general lie till it is returned, the decision of the cause did not turn upon that point. But in Ferguson vs. Jones (12 *Wend.* 241), a motion was made to quash a certiorari *not then returnable.* It was held that although the motion was premature, the party might take a rule under the general clause of his notice, to supersede it, and it was superseded accordingly. In that case the motion was made at the November special term, and the writ was not returnable until the January term following. This case contains a strong implication that the motion may be made to quash, after the writ is returnable, though in fact it is not returned. Be that as it may it is directly in point that the writ may be superseded, under a notice like the present.

The same purpose will be accomplished by a writ of .supersedeas, as by an .order to quash. It is therefore ordered that a writ of supersedeas issue to the writ of certiorari in this case tested the 17th day of February 1851, and allowed in open court at the Washington special term on that day; and it is further ordered that the plaintiffs pay to the defendants ten dollars for the costs of this motion.