THE PEOPLE ex rel. CHAUNCEY KILMER, JOSEPH
G. COOKE and ROBERT GILCHRIST v. PATRICK
McDONALD, Town Clerk of Saratoga Springs, and A. J.
CHERRYTREE, DAVID T. LAMB and AUSTIN L. REY-
NOLDS, Commissioners of Appraisal of Damages, etc., on
Widening and Extending Union Avenue, in the Village of
Saratoga Springs.

*Chap.* 623, 1870; *chap.* 500, 1872; *chap.* 256, 1874 — *Certiorari* — *cannot be granted by judge at chambers* — *may be quashed after return.*

Chapter 623, Laws of 1870, and the acts amending the same in 1872, require the
benefits resulting from the improvements thereby authorized, to be assessed
exclusively upon real estate, and not upon the persons of the owners. A
failure of the commissioners of appraisal to comply with the statute in this
respect is fatal to the whole proceeding. (Per MILLER, P. J.)

The right of the relators to a judicial determination as to the validity of the pro-
ceeding of the commissioners of appraisal, cannot be affected by an act of the
legislature, confirming the acts of the commissioners, passed subsequent to the
issuing of a writ of certiorari.

*People* v. *Canal Board* (7 Lans., 220) followed.

A common law certiorari must be applied for and granted in open court, either
at Special or General Term, and cannot be allowed by a judge at chambers.

*Gardner* v. *Commissioners of Warren* (10 How., 181); *People* v. *Supervisors* (15
*Wend.*, 198) followed.

The objection that the writ was improperly awarded, may be considered upon a
return and hearing upon the merits.

Allowing a motion to be made for an amended return without moving to quash
a writ, is not a waiver of the right to make such motion.

THIS case comes on to be heard on the return of the defendants
to a common law writ of certiorari, awarded by a judge out of
court, requiring them to return the proceedings of said commis-
sioners in appraising the damages, and assessing the benefits
resulting from the laying out, widening and extending Union
avenue, in the village of Saratoga Springs, from Nelson street to
Circular street, under chapter 623, of the Laws of 1870, page 1442,
entitled "An act to provide for laying out and improving roads
and avenues in the village and town of Saratoga," and the acts
amending the same, passed in 1872.

The town clerk has made a return to the writ, in which he gives

the final report of the commissioners of appraisal, on file in his office, which report was filed by him on the 13th day of June, 1873. The other defendants, the commissioners of appraisal, have also made an original and amended return in the case.

In their final report, it appears that the commissioners of appraisal have assessed for benefits, and imposed taxes upon the relators for the widening, etc., of said Union avenue, as follows : Upon Cooke, $900 ; upon Gilchrist, $700 ; upon Kilmer, $5,000 ; and both the return of the commissioners of appraisal and their final report, alike show that the assessment purports to have been made, and the tax imposed, under said act of 1870.* The commissioners of appraisal did not describe any real estate in their report, neither that which they assessed for benefits, nor any other. It did not appear from their report, for what parcel of land, or for how much land, they had assessed either of the relators, or any other person named therein as an owner.

*A. Pond,* for the relators.

*L. B. Pike & P. H. Cowen,* for the respondents.

MILLER, P. J. :

It is claimed by the counsel for the relators that the commissioners of appraisal, appointed in pursuance of the act of 1870, have failed to comply with the requirements of said act, and, for that reason, the taxes imposed upon the relators are illegal and should be set aside. By the ninth section of the act in question, in case the commissioners of construction disagree with the owners, provision is made for the appointment of commissioners of appraisal. These last named commissioners are to appraise all damages and to assess all resulting benefits, as provided in sections 10 and 11; and by the twelfth section, in making estimates of damages to landholders, whose lands are taken, they are to take into consideration any benefits. They are also to make awards in writing, and, upon notice, to meet and review the assessments made; and are authorized, at their second meeting, to hear additional testimony, as they may think proper, and any reasons for or against the awards of damages or assessments for benefits.

---

* Laws of 1870, p. 1442, and the several acts amending the same in 1872.

By section 13, it is provided that, "Whenever the commissioners of appraisal shall have thus reviewed their first awards and assessments, they shall make their determination in writing, stating the quantity of land and the value of any property taken for such avenues, with the names of the persons and the amount of the damages awarded, and also a general description of all lands and property assessed for benefits, with the names of the owners and the amount assessed against each."

It is also provided by section 1, chapter 500, Laws of 1872, page 1167, which amends the act of 1870, among other things, that the resulting benefits to be assessed and appraised in carrying out the provisions of this act, shall be assessed, and resulting benefits appraised upon the real property embraced within certain boundaries, which are named. These provisions establish, beyond question, that the assessments were to be made exclusively upon real estate, and not upon the persons of the owners; and the requirement in the thirteenth section of the act of 1870 was, no doubt, intended to enable the owners to ascertain whether the appraisers did appraise the resulting benefits to all the lands within the territory named, and whether the assessment was made equally and fairly upon all of said lands, and upon just, sound and equitable principles. The provision, therefore, requiring a description of all the lands assessed, was vital and material, and an essential part of the report.

A substantial compliance with the statute in the measures preliminary to the taxation of persons and property, in all matters which are of the substance of the procedure, and designed for the protection of the tax-payers, is a condition precedent to the legality and validity of the tax.* Here was an entire failure to comply with the statute, and, as the report was made out and presented, it was impossible to ascertain for what particular parcel of land, or for what quantity the relators were assessed. This omission was erroneous, in contravention of the statute, and is, I think, fatal to the validity of the whole proceeding. The relators' counsel claims that the act of 1874 (chapter 256), which is entitled "An act to amend," etc., the act of 1870, before cited, and which provides, among other things, to confirm the acts of the commis-

* Westfall v. Preston, 49 N. Y., 349.

sioners, disposes of the certiorari in this case. Several objections are urged to this position, and, without passing upon all of them, it is sufficient to say that, even if it be valid, it cannot affect the right of the relators to a judicial determination as to the validity of the proceedings, inasmuch as said act was passed since the writ of certiorari in this case was issued.*

I think that this is a proper case for a writ of certiorari to review the proceedings of the commissioners of appraisal. I am also inclined to think that the certiorari was improperly awarded by a judge out of court. As I understand, the authorities hold that a common law certiorari cannot be allowed by a judge at chambers, and must be applied for and granted in open court, either at Special or General Term. †

The objection that the certiorari was improperly awarded, may be considered upon a return and hearing upon the merits.‡ It is claimed that this objection was waived, because the respondents' counsel allowed a motion to be made for an amended return without moving to quash. I do not understand that this is a waiver, and, as a motion to quash the writ cannot be sustained until after a return, § I do not see any sufficient reason why the objection is not available, after an amended return has been granted, within the decisions. ‖

There are some other questions raised, but their examination is unnecessary. As the case stands, there is no escape from quashing the writ, and it must be so ordered, with ten dollars costs.

BOARDMAN, J., concurred, on the ground that the writ was granted by a judge out of court, and without notice.

Writ quashed, with ten dollars costs.

---

* People v. Canal Board, 7 Lansing, 220.

† Gardner v. Commissioners of Warren, 10 How., 181 ; People v. Supervisors of Allegany, 15 Wend., 198.

‡ People v. Mayor of N. Y., 2 Hill, 12; Same v. Supervisors of Allegany, 15 Wend., 198, 206; Same v. Supervisors of Queens, 1 Hill, 195, 200.

§ Clark v. Lawrence, 1 Cow., 48; S. and W. R. R. Co. v. McCoy, 5 How. Pr., 378

‖ See 2 Hill, 9; 21 Barb., 664, 665; 19 N. Y., 531, 532.