PEOPLE *ex rel.* KILMER v. CHERITREE.

*Assessment for street improvements — duty of commissioners of appraisal — Certiorari when proper remedy — objections.*

Under the " Act to provide for laying out and improving roads and avenues in the village and town of Saratoga," Laws 1870, chap. 623, and the acts amending the same, Laws 1872, chaps. 293, 500, it seems that the report of the commissioners of appraisal and assessment must contain a description of all lands assessed, otherwise the assessment will be void.

A common-law writ of certiorari was granted to review the proceedings of commissioners of appraisal and assessment for street improvements. *Held,* that the writ was the proper remedy, but that it was improperly granted by a judge out of court. An objection that a writ of certiorari was improperly granted, is available even after an amended return.

CERTIORARI on relation of Chauncey Kilmer and others against A. J. Cheritree, David T. Laurel and others, commissioners of appraisal on improvement of streets in Saratoga Springs, and Patrick McGrath, town clerk. The writ was awarded by a judge out of court, requiring defendant to return the proceedings of said commissioners, in appraising the damages and assessing the benefits resulting from the laying out, widening and extending Union avenue, in the village of Saratoga Springs, from Nelson street to Circular street, under chapter 623 of the Laws of 1870, entitled "An act to provide for laying out and improving roads and avenues in the village and town of Saratoga," and the acts amending the same, passed in 1872. The town clerk made a return to the writ, in which he gave the final report of the commissioners of appraisal, on file in his office, which report was filed by him on the 13th day of June, 1873. The other defendants, the commissioners of appraisal, also made an original and amended return in the case. In their final report, it appears that the commissioners of appraisal assessed for benefits, and imposed taxes upon the relators for the widening, etc., of said Union avenue, as follows : Upon Cooke, $900 ; upon Gilchrist, $700 ; upon Kilmer, $5,000 ; and both, the return of the commissioners of appraisal and their final report, alike show, that the assessment purports to have been made, and the tax imposed under said act of 1870, and the several acts amending the same, in 1872.

*A. Pond,* for relators.

*L. B. Pike* and *P. H. Cowen,* for respondents.

MILLER, P. J. It is claimed by the counsel for the relators that the commissioners of appraisal appointed in pursuance of the act of 1870 have failed to comply with the requirements of said act, and for that reason the taxes imposed upon the relators are illegal, and should be set aside. By the ninth section of the act in question, in case the commissioners of construction disagree with the owners, provision is made for the appointment of commissioners of appraisal. These last-named commissioners are to appraise all damages, and to assess all resulting benefits as provided in sections 10 and 11; and by the twelfth section, in making estimates of damages to land-holders whose lands are taken, they are to take into consideration any benefits. They are also to make awards in writing, and, upon notice, to meet and review the assessments made, and are authorized at their second meeting to hear additional testimony as they may think proper, and any reasons for or against the awards of damages or assessments for benefits. By section 13, it is provided that "Whenever the commissioners of appraisal shall have thus reviewed their first awards and assessments, they shall make their determination in writing, stating the quantity of land and the value of any property taken for such avenues, with the names of the persons and the amount of the damages awarded, and also a general description of all lands and property assessed for benefits, with the names of the owners and the amount assessed against each."

It is also provided by section 1, chap. 500, Laws of 1872, which amends the act of 1870, among other things, that the resulting benefits to be assessed and appraised in carrying out the provisions of this act, shall be assessed and resulting benefits appraised upon the real property embraced within certain boundaries which are named. These provisions establish beyond question that the assessments were to be made exclusively upon real estate, and not upon the persons of the owners, and the requirement in the thirteenth section of the act of 1870, was no doubt intended to enable the owners to ascertain whether the appraisers did appraise the resulting benefits to all the lands within the territory named, and whether the assessment was made equally and fairly upon all said lands, and upon just, sound and equitable principles. The provis-

ion, therefore, requiring a description of all the lands assessed was vital and material, and an essential part of the report.

A substantial compliance with the statute in the measures preliminary to the taxation of persons and property in all matters which are of the substance of the procedure, and designed for the protection of the tax payer, is a condition precedent to the legality and validity of the tax. *Westfall* v. *Preston*, 49 N. Y. 349. Here was an entire failure to comply with the statute, and as the report was made out and presented, it was impossible to ascertain for what particular parcel of land or for what quantity the relators were assessed. This omission was erroneous, in contravention of the statute, and is, I think, fatal to the validity of the whole proceeding.

The respondents' counsel claims that the act of 1874, chap. 256, which is entitled "An act to amend," etc., the act of 1870, before cited, and which provides among other things to confirm the acts of the commissioners, disposes of the certiorari in this case. Several objections are urged to this position, and without passing upon all of them it is sufficient to say, that even if it be valid, it cannot affect the right of the relators to a judicial determination as to the validity of the proceedings, inasmuch as said act was passed since the writ of certiorari in this case was issued. *People* v. *Canal Board*, 7 Lans. 220.

I think that this is a proper case for a writ of certiorari to review the proceedings of the commissioners of appraisal. I am also inclined to think that the certiorari was improperly awarded by a judge out of court. As I understand, the authorities hold that a common-law certiorari cannot be allowed by a judge at chambers, and must be applied for and granted in open court, either at special or general term. *Gardner* v. *Commissioners of Warren*, 10 How. 181 ; *People* v. *Supervisors of Allegany*, 15 Wend. 198.

The objection that the certiorari was improperly awarded may be considered upon a return and hearing upon the merits. *People* v. *Mayor of N. Y.*, 2 Hill, 12 ; *People* v. *Supervisors of Allegany*, 15 Wend. 198, 206; *People* v. *Supervisors of Queens*, 1 Hill, 195, 200. It is claimed that this objection was waived, because the respondents' counsel allowed a motion to be made for an amended return without moving to quash. I do not understand that this is a waiver, and as a motion to quash the writ cannot be sustained until after a return (*Clark* v. *Lawrence*, 1 Cow. 48 ; *S. & W. R. R. Co.* v. *McCoy*,

5 How. 378), I do not see any sufficient reason why the objection is not available after an amended return has been granted within the decisions. See *People* v. *Mayor of N. Y.*, 2 Hill, 9; *People* v. *City of Rochester*, 21 Barb. 664, 665; *Shepherd* v. *People*, 19 N. Y. 531, 532.

There are some other questions raised, but their examination is unnecessary.

As the case stands, there is no escape from quashing the writ, and it must be so ordered, with $10 costs.

BOARDMAN, J., concurred on the ground that the writ was granted by a judge out of court and without notice.

*Ordered accordingly.*