section, and it further appearing on the papers before the court that the sections referred to constitute the entire majority party in said city and county of New York; it is ordered, that the said writ shall further command the said persons and board to appoint the said fourth inspector for each election district from the said last mentioned section, commonly known as the Tammany Hall democracy.

## SUPREME COURT.

The People *ex rel.* SIDNEY P. NICHOLS agt. EDWARD COOPER, mayor of New York.

*Practice — Venue in certiorari — how fixed — Stay of proceedings and vacation of stay — when stay cannot be upheld — Code, sections 722, 776 — Motion to quash writ, where made — must be after return.*

The power of the court, on petition for *certiorari*, to fix the venue of future proceedings, depends upon its general authority, not upon section 825 of the Code.

A special term at chambers, in the district in which a proceeding is pending, has jurisdiction and can properly entertain a motion to vacate a stay made by a judge out of court. Section 722 of the Code confers this authority. Section 776 contains no limitations of the general powers of the court, but prescribes the practice to be pursued upon a *second*, when the same has been previously refused, or granted on terms, by another judge.

A motion to quash a writ must be made in the district in which it is returnable, or at a term held in a county adjoining that in which it is returnable. As a rule such a motion can only be made after return.

A stay of proceedings to enable a motion to quash, to be made out of the district and before return, cannot be upheld.

*Special Term at Chambers, New York county, September,* 1879.

A motion was made at the Albany special term in June last, for a writ of *certiorari*, directed to the governor of the

state and to the mayor of the city of New York, for the purpose of reviewing their proceedings in the attempt to remove Mr. Sidney P. Nichols from the office of police commissioner of said city. Such motion was on notice to the governor, the mayor and to Mr. MacLean who had been appointed to fill the vacancy in the police board, created by the removal of Mr. Nichols. The application for the writ was argued by counsel representing all parties; judge WESTBROOK, who held such term and heard the argument, directed the writ to issue against the mayor, but refused it as to the governor (*See opinion, ante, p.* 395).

The order directing the writ to issue was entered in the county of Albany, but by its terms was made returnable at a special term of this court, to be held at chambers, in the city of New York, on the first Monday of September instant.

The return to the writ had not been made at the time of hearing this motion. By order of the special term, held in the city of New York, on the thirtieth day of April last, Mr. justice BRADY presiding, the time for filing a return to the writ was extended to Tuesday, September 2, 1879. The mayor having taken an appeal from the order allowing the writ to the general term of the third department, applied to this court, at special term (WESTBROOK, J., presiding), for a stay of proceedings pending such appeal. Upon this application, counsel on both sides were heard, and after consideration the stay was refused. At the same time to expedite a speedy decision of the matter, the court required the relator to give a stipulation to argue the appeal at a general term to be held in the first department in October next. On the fourth day of September instant, the same application which was made at the New York special term (judge WESTBROOK presiding), was made to the general term then in session in the third department, held by judges LEARNED, BOARDMAN and FOLLETT, and a stay of proceedings was again refused.

Afterwards notice was given of a motion before the special term, to be held at the chambers of Mr. justice LANDON, in

the city of Schenectady, on the third Tuesday of September instant, to quash or supersede the writ of *certiorari*.    On the papers in this motion, Mr. justice INGALLS granted a stay of proceedings under the writ until such motion could be heard and determined, which stay the counsel for the relator, now moves at special term, at chambers, to vacate.

*John D. Townsend*, for the relator.

*F. N. Bangs*, for the respondent.

WESTBROOK, *J.* — In disposing of the motion to vacate the stay of judge INGALLS, the results of deliberation will be stated without giving in full the mental processes by which they have been obtained :

First. The motion by the mayor, to be made in Schenectady, is to quash the writ and not the order directing its issue.    The order directs in what district and county future proceedings thereunder shall be had and taken.    The power of the court to fix the venue of further action depends upon its general authority in the premises, and not, perhaps, upon section 825 of the Code, which confers upon a justice of the supreme court, when acting as a judge, the same power which the court inherently must possess.    The officer to whom the writ issues cannot annul the effect of the order by disobeying its mandate and refusing to file his return.    The subsequent orders entered in the city and county of New York also, if such a thing is possible, validate and confirm the position that that city and county is the spot where the litigation must be conducted.

Second. As the proceeding is pending in the first district, a motion to vacate a stay of proceedings made by a judge out of court can properly be entertained and heard by the court held therein.    No doubt has ever been entertained by the profession on this point, and it is also expressly conferred by section 772 of the Code.    Section 776 contains no limitation

upon the general powers of the court. It prescribes the practice to be pursued upon a second order made by a judge when the same has been "wholly, or partly, refused, or granted conditionally or on terms" by another, and makes it the duty of the judge granting the last order to vacate it himself; and if " he is absent or otherwise unable to hear the application," then any judge may do it "upon proof, by affidavit, of the facts."

Third. Every question which the motion to quash presents was considered upon the application for the writ of *certiorari*, and the appeal from the order allowing the writ will involve the same identical propositions which are sought to be presented by the motion to quash. In substance, then, though not in form, the stay granted by brother INGALLS is precisely what the court, both at special and general term, has refused and it was granted to enable, not a superior tribunal, but the same, though held by a different judge, to review past action, or, in short, to permit one judge to review the action of his judicial brother and peer.

However, much I may respect an associate (and the learning and integrity of judge INGALLS are fully conceded), a careful consideration having induced me to refuse a stay before hearing had at special term upon the merits, until a review of my action in allowing the writ could be had in general term on the appeal taken from the order allowing the *certiorari*, the same consideration must compel the vacation of a stay which stops all action, until a brother judge has reviewed it.

Fourth. A motion to quash a writ must be made in the district in which it is returnable, or at a term held in a county adjoining that in which it is so returnable; and, as a rule, such motion can only be entertained after a return is, in fact, made. A stay of proceedings to enable a motion to be made elsewhere, and before return, cannot be upheld, even though a motion to quash it can be entertained (which is not conceded), when the allowance has been on motion and after a full hearing.

Fifth. The writ was properly made returnable at the cham bers special term. The term now being held there is a special term of the supreme court, having all the powers and functions belonging thereto, of which it cannot be deprived by a rule which simply partitions business among terms and parts of the same court. Making the writ returnable when it was is also, it seems to me, fully warranted by the rules.

Sixth. The motion to vacate the stay is granted.

NOTE.— The fifth proposition above stated overruled in general term ( *See following opinion*). [REP.