THE PEOPLE OF THE STATE OF NEW YORK EX REL. JAMES F. McNEARY, Respondent, v. CHARLES F. MacLEAN AND Others, Composing the Board of Police Commissioners of the City of New York, Appellants.

*Certiorari — to review a determination — a defect in the time of issuing the writ apparent on the face of the petition — writ dismissed.*

Section 2133 of the Code of Civil Procedure, contained in the article relative to the writ of *certiorari*, is as follows: "Any other order may be made or proceeding taken in the cause in relation to any matter not provided for in this article, as a similar proceeding may be taken in an action brought in the same court."

Section 2125 of the same Code provides that a writ to review a determination must be granted and served within four calendar months after the determination becomes final.

In a proceeding brought to review a determination by the Board of Police Commissioners of the City of New York, it appeared upon the face of the petition that the *certiorari* had not been granted and served in the time above mentioned. The board moved to dismiss the writ, which motion was denied.

*Held*, that such denial was improper.

That as it appeared upon the face of the petition that the statutory time had expired, the court needed no other proof of that fact.

That the board was not required to make a return and set up the fact in it.

That the Code of Civil Procedure did not contemplate any pleadings being served in proceedings by *certiorari* to review the action of a *quasi* judicial body, the return being conclusive.

That section 2133 of the Code referred only to such proceedings as might be requisite and proper, after a return had been made, for the purpose of bringing the same on for review, or for having the return made more specific, where that was proper.

That in proceedings by *certiorari* only the merits are considered at General Term, and any incidental motion should be made at Special Term.

APPEAL by the defendants, Charles F. MacLean, John McClave, James J. Martin and John R. Voorhis, composing the Board of Police Commissioners of the City of New York, from an order of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 17th day of October, 1891, denying their motion to vacate a writ of *certiorari*, issued to review their action in the matter of the removal from the police force of the police department of the city of New York of James F. McNeary, formerly a member of said force.

*C. F. Collins,* for the appellants.

*A. S. Warner* for the respondent.

VAN BRUNT, P. J. .

This motion was founded upon the fact that it appeared, upon the face of the petition, that the *certiorari* had not been granted and served within the time provided by section 2125 of the Code.

It is conceded that such was the fact, but it is claimed that such objection must be raised by answer in consequence of the provisions of section 2133 of the Code, which is as follows: " Any other order may be made or proceeding taken in the cause in relation to any matter not provided for in this article as a similar proceeding may be taken in an action brought in the same court."

It is clear that this section cannot be held to require pleadings upon a writ of *certiorari*, because a *certiorari* is a writ of review exclusively and the return to the writ must be taken as conclusive and acted on as true. If false, in fact, the remedy is an action for a false return; and if insufficient in form, by applying for a further and more specific return. (*People ex rel. Sims* v. *Fire Commissioners,* 73 N. Y., 437.)

The provisions of the section referred to apply undoubtedly to such proceedings as may be requisite and proper after a return has been made for the purpose of bringing the same on for review or having the return made more specific if such relief is proper. But there is no way in which the question as to whether the court should have granted the writ can be brought up, except upon a motion to set aside the writ.

It is urged that the only method in which the appellants could claim the advantage of the statute of limitations contained in section 2125 is by setting the same up in the return. It is apparent that such cannot be the rule, because the Code requires no defense to the issuance of the writ to be returned, but simply the proceedings upon which the judgment of the inferior tribunal was founded. Where it appears upon the face of the petition that the statute has run, it is not necessary that the fact should be brought before the court in any other manner.

It is to be observed that the writ of *certiorari* issues out of the Supreme Court, and that the return is made to the Supreme Court and is filed with the county clerk; and it is only the hearing of the merits which is to be had at the General Term. All incidental motions should be heard at the Special Term.

We think, therefore, that the court was in error in denying the motion and the order should be reversed, with ten dollars costs and disbursements, and the motion granted with ten dollars costs.

ANDREWS, J., concurred.

Order reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.