(32 Misc. Rep. 61.)

PEOPLE ex rel. H. B. CLAFLIN CO. v. FEITNER et al., Com'rs.

(Supreme Court, Special Term, New York County. June, 1900.)

TAXATION—CERTIORARI—REDUCTION OF ASSESSMENT.

    Laws 1896, c. 908, § 7, declares that nonresidents of the state doing business in the state shall be taxed on the capital invested in the state in such business as personal property at the place in the state where such business is carried on, as if they were residents of the state. Section 36 provides that the assessors shall meet at a certain time and place to hear and determine complaints in relation to assessments, and declares that if any person or his agent or representative shall neglect or refuse to answer any material question put to him on the hearing such person shall not be entitled to a reduction of his assessment. *Held*, that where the president of a foreign corporation, on his examination before the assessors, refused to give any information regarding the business of the corporation in New Jersey, the assessment would not be reduced on certiorari to the commissioners of taxes and assessments, since a reasonable method of ascertaining how much of the capital is invested in the state is to ascertain how much of it is invested elsewhere, and hence inquiries directed towards obtaining such information were relevant and material, under section 36.

Certiorari by the people, on the relation of the H. B. Claflin Company, to review the determination of Thomas L. L. Feitner and others, commissioners of taxes and assessments of the city of New York. Writ dismissed.

Gould & Wilkie, for relator.

John Whalen, Corp. Counsel (George S. Coleman, of counsel), for respondents.

FITZGERALD, J. The relator is a foreign corporation doing business in this state, and having its principal place for the transaction of business situated in the city of New York. According to the statement delivered to the commissioners of taxes and assessments April 11, 1899, its capital was $9,000,000. It was assessable for the amount of such capital invested in this state, which amount was found by the respondents to have been on the second Monday of January, 1899 (the date fixed by the statute), $1,000,000. Relator seeks to have this assessment reduced to $290,000. The assessment was made under section 7, c. 908, Laws 1896; and section 36 of the same act provides that, "if any such person, or his agent or representative, shall willfully neglect or refuse to answer any material question put to him, such person shall not be entitled to any reduction of his assessments." Relator's president, upon his examination, refused to give any information regarding the business of the corporation in New Jersey, his replies to some interrogatories upon that subject concluding with the declaration, "I won't answer anything in regard to New Jersey." One method of determining the amount of the capital invested here, which may well be deemed reasonable, is to ascertain how much of it is invested elsewhere. Inquiries directed towards obtaining such information are material and relevant, and cannot be disposed of by being styled inquisitorial and foreign to the issue. Upon all the facts as disclosed by the return, I cannot hold that the determination of the commissioners was unjust, and to reduce

the assessment as prayed for would be to determine that the commissioners were absolutely bound by relator's statements.

Writ dismissed.