THE PEOPLE OF THE STATE OF NEW YORK ex rel. EUGENE HORTON, Appellant, v. JOHN FERGUSON and Others, Assessors of the City of Middletown, Orange County, New York, Respondents.

Second Department, June 7, 1907.

Tax — certiorari to review assessment — failure to attend before assessors.

To entitle a relator to certiorari to review an assessment he must have made due application to the proper officers to correct the assessment. The writ will be quashed when it appears that the relator refused to attend in person as required by the assessors, asked no adjournment and refused through his attorney to file a proper inventory of his personal property.

APPEAL by the relator, Eugene Horton, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Orange on the 1st day of November, 1906, pursuant to an order entered in said clerk's office on the 1st day of November, 1906, quashing a writ of certiorari theretofore granted herein, and also from the said order quashing the writ.

*Abram F. Servin,* for the appellant.

*Russell Wiggins* [*Henry W. Wiggins* with him on the brief], for the respondents.

Order affirmed, with ten dollars costs and disbursements, on the opinion of Mr. Justice BURR at Special Term.

HIRSCHBERG, P. J., WOODWARD, JENKS, HOOKER and MILLER, JJ., concurred.

The following is the opinion delivered at Special Term:

BURR, J.:

To entitle the relator to this writ it must appear that application was made in due time to the proper officers to correct such assessment. (Laws of 1896, chap. 908, § 250.) Upon such application the assessors may require the person assessed, or his agent or representative, to appear before them and be examined concerning his complaint, and to produce any papers relating to such assessment with respect to his property. (Id. § 36.) In this case the assessors

Second Department, June, 1907. [Vol. 120.

required the personal attendance of the complainant before them. He refused to appear at the time named, claiming that it was inconvenient for him to do so, but he sent his attorney in his stead. No application was made for an adjournment to permit him to appear at a more convenient time. On the contrary, his attorney informed the board that if the complainant was present he would not permit him to give an inventory of his property other than that already in the possession of the board. The only inventory in possession of the board was a statement on behalf of the complainant that he did have personal property of the value of $10,000, the amount for which he was assessed. Under such circumstances, it would have been an idle ceremony to adjourn to some day more convenient for his appearance. His refusal to attend must, therefore, be deemed willful. Unless his attendance was, therefore, wholly unnecessary or was waived, he cannot be heard to ask for a reduction of his assessment. (Laws of 1896, chap. 908, § 36; *People ex rel. Brown* v. *O'Rourke,* 31 App. Div. 583.) The return shows that the personal attendance of the complainant was not waived. This was peculiarly a case where the personal attendance of the complainant was material and necessary. The burden of his grievance was not that he had been assessed for personal property which he did not own, or for more than its just valuation, but that he had been assessed relatively greater than others, and he specified instances where persons who had been assessed at the sum of $1,000 should have been assessed for much larger sums. Although the assessors thought that they had assessed each of the parties for the full value of the taxable personal property owned by them, an examination of the complainant might have disclosed the fact that, although he was only assessed at $10,000, his taxable property was worth many times that sum, and if he established all that he claimed with reference to the difference between the amount of the assessment and the amount of taxable property of others, no inequality resulted, for the same difference existed in his case.

An examination of his attorney or agent instead of his own examination would not suffice, particularly when the attorney stated that he knew nothing about the amount of his personal estate.

The motion to quash the writ is granted and the proceedings are dismissed, with costs.