THE PEOPLE OF THE STATE OF NEW YORK ex rel. IROQUOIS GAS CORPORATION *v.* WILLIAM E. BENNING and Others, as Assessors of the Town of East Hamburg, Erie County, New York.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. IROQUOIS GAS CORPORATION *v.* CHARLES SEADEEK and Others, as Assessors of the Town of Holland, Erie County, New York.

Supreme Court, Erie County, August 14, 1933.

*Kenefick, Cooke, Mitchell, Bass & Letchworth,* for the relator.

*Ward, Flynn, Spring & Tillou,* for the towns of East Hamburg and Colden.

HINKLEY, J. This motion presents a novel question. Can the court upon motion dismiss a proceeding in certiorari before the filing of a return upon the ground that the relator has refused to answer questions that are material and pertinent? If it has such power, should it so act upon affidavits or wait until the return to determine the materiality and pertinency of such questions?

Prior to the adoption of the Code it was held that a motion to quash a writ of certiorari in advance of the return was improper (*Ferguson* v. *Jones*, 12 Wend. 241; *People* v. *Judges, etc.,* 4 Cow. 73;

*Saratoga, etc., Co,* v. *McCoy,* 5 How. Pr. 380; *Clark* v. *Lawrence,* 1 Cow. 48; *People ex rel. Nichols* v. *Cooper,* 57 How. Pr. 463). Since the adoption of the Code such motions have been upheld (*People ex rel. McNeary* v. *MacLean,* 64 Hun, 205; *People ex rel. Miller* v. *Peck,* 73 App. Div. 89, at p. 95).

The Civil Practice Act, sections 1284 *et seq.,* does not apply to this form of certiorari (*People ex rel. Church of H. C.* v. *Assessors,* 106 N. Y. 671; *People ex rel. Manhattan R. Co.* v. *Barker,* 152 id. 417, 431). Chapter 269, Laws of 1880, referred to in the last two citations, was repealed by chapter 62, Laws of 1909, and a similar form of certiorari substituted by the Tax Law, article 13. That article of the Tax Law does not expressly grant to the court power to dismiss a certiorari proceeding before return. Section 57 of the Tax Law merely states that " if any such person, or his agent or representative, shall wilfully neglect to attend and be examined or to answer any material questions put to him, such person shall not be entitled to any reduction of his assessment."

The courts, however, have exercised that power for incidental motions (*People ex rel. McNeary* v. *MacLean,* 64 Hun, 205). Motion to dismiss, based upon writ and papers upon which it was granted, is proper (*People ex rel. L. I. R. R. Co.* v. *Tax Commissioners,* 231 N. Y. 221, 228; *People ex rel. Miller* v. *Peck,* 73 App. Div. 89). Motion to dismiss is proper when a person claiming such exemption fails to appear and be examined (*People ex rel. Trojan Real Estate Corp.* v. *Purdy,* 174 App. Div. 702, at 709; *People* v. *Ferguson,* 120 id. 563). The court, in *People ex rel. N. Y. C. R. R. Co.* v. *Jones* (144 Misc. 776, at p. 781), took it for granted that the power vested in the court. A careful analysis of all the cases presented indicates that their decisions were on final orders or intermediate orders based upon lack of jurisdiction or failure to attend for examination and not for failure to answer material or pertinent questions.

Conditions may arise upon a motion such as this where the affidavits are so clear as to permit the court to say that certain questions are or are not material. In that event the court, following its present trend in certiorari proceedings, will pass upon those questions in advance of a return. The contrary would seem the better practice in a situation such as is here presented, for the court will be better able to determine the relevancy and pertinency of questions when the whole matter is presented to it upon the filing of the return to the writ (*People ex rel. N. Y. & Q. C. R. R. Co.* v. *Commissioners,* 55 App. Div. 218; *People ex rel. Brown* v. *O'Rourke,* 31 id. 563). To permit the hearings to be interrupted for the purpose of having the court pass upon the materiality and pertinency of frequent questions would be to substitute the final

determination of the court in each instance for the intermediate right of the board of assessors to determine the character of such questions (*People ex rel. Claflin Co.* v. *Feitner*, 58 App. Div. 468, at 470). The drastic penalty incurred by any one who shall willfully neglect to answer any material question will be neither strengthened nor weakened by postponing its determination until the time of the return of the writ.

The tendency of the court has been to adhere strictly to the form of a procedure known as certiorari for relief from illegal, unequal and erroneous assessments as provided for by article 13 of the Tax Law (*People ex rel. Manhattan R. R. Co.* v. *Barker*, 152 N. Y. 417; *People ex rel. New York Central R. R. Co.* v. *Bissell*, 207 App. Div. 705).

Motion denied, with ten dollars costs.