James D. Hopkins, J.
The respondents in this proceeding for a review of tax assessments under article 7 of the Eeal Property Tax Law move to dismiss the petition on the ground that the court does not have jurisdiction of the proceeding. The respondents contend that the petitioner did not answer fully the questions appearing in the application filed with the respondents for the reduction of the assessment, and that, accordingly, the application was vitiated under the provisions of Local Law No. 8 of 1961 enacted by the Common Council of the City of Yonkers. The petitioner contends that so far as the local law deprives the court of jurisdiction under the Eeal Property Tax Law, it is unconstitutional and void.
Local Law No. 8 of 1961 provides in part that upon the completion of the assessment roll the respondents shall permit inspection thereof from June 1 to June 15 of each year; and that during that period any person aggrieved may file an application on a form supplied by the respondents, stating the objection to an assessment and ‘ ‘ fully and completely answering all questions thereon and furnishing all required information ’ ’. It then provides that “ [FJailure to fully and completely comply with the foregoing requirements shall render the application for correction null and void and of no force and effect.”
The application filed by the petitioner failed to answer questions relating to the date of transfer to the record owner, the consideration paid for the conveyance, and whether the consideration was composed of cash, mortgage, or both; moreover, it failed to answer questions relating to the amount of any mortgage on the premises, the name of the mortgagee, and the interest rate thereon.
*223 Section 12 of article IX of the Constitution provides that no local law may be adopted by a city which “ repeal[s] or supersede [s] any law enacted by the legislature relating to * * *
the making and review of assessments ”, unless authorized by the Legislature. Subdivision 1 of section 11 of the City Home Buie Law, as amended by recent enactments (L. 1960, ch. 260; L. 1961, ch. 684) confers authority on the legislative body of a city to adopt local laws, among other subjects, concerning “ the preparation, making, confirmation and correction of local assessments for taxation purposes ” and “ the review of such local assessments subject to further review by the courts as provided by law ”. That language, coupled with the quoted language of the Constitution, has been held not to empower a local legislative body to enact a local law which would affect the jurisdiction of the court to entertain a proceeding to review an assessment; the authority thus granted was said to be limited to the review of the assessment by the tax officers of the municipality itself (Matter of 749 Broadivay Realty Corp. v. Boyland, 1 Misc 2d 575, affd. 1 A D 2d 819, affd. 3 N Y 2d 737).
The respondents argue that the decision of 749 Broadway Realty Corp. v. Boyland (supra) does not now apply since the amendments to the statute referred to above. In part, the amendments added the provision that local laws adopted concerning the subject of assessments may “change or supersede any provision of an act of the legislature theretofore enacted which provision does not in terms and effect apply alike to all cities.” It is my opinion that this language does not influence the holding of the cited case.
The Beal Property Tax Law (L. 1958, ch. 959), effective October 1, 1959 (§ 1616) was intended to “ rearrange, simplify and restate the general laws relating to the assessment and taxation of real property without substantive change, except for the modernization of minor procedural provisions and except as set forth in the notes following the sections affected. ’ ’ (Memorandum appended to the act submitted by State Board of Equalization and Assessment; see note following Beal Property Tax Law, § 100.) Article 7 thereof provides the mechanism for the review of assessments; it prescribes that the proceeding authorized ‘ ‘ shall be brought as provided in this article unless otherwise provided by law.” (Beal Property Tax Law, § 700, subd. 1.) The general procedure applies to all cities alike, except with respect to an answer served by a city having a population of one million or more (Beal Property Tax Law, § 714). This one variation in the procedure does not, in my *224 opinion, require a determination that it was the legislative intent to permit a city by local law to modify or vitiate the jurisdiction of the court of the proceeding. Nor do I believe, as urged by the respondents, that the provisions excluding a city charter of local law in force at the time of its enactment from the operation of the general procedure (Beal Property Tax Law, § 1606) were considered by the Legislature in amending the City Home Buie Act to bring that general procedure within the competence of- a local legislative body by local law to repeal or supersede. Obviously, if this were so, all cities would be entitled by local law to introduce both procedural and substantive changes in the proceeding, for all cities have charters through legislative enactment. Certainly, the investiture of such power would disrupt the orderly pattern of court procedure. Without a specific statement of such an intent by the Legislature, so far-reaching a consequence should not be held to follow the language used in the amendments to the City Home Buie Law.
Section 706 of the Beal Property Tax Law, read with section 512, does no more than mandate that the petitioner show that a complaint in relation to an assessment was filed within the time stipulated by law; the Board of Beview may take testimony and hear proofs in regard to such complaint. The failure to answer any material question does not affect the right to maintain the proceeding, and the effect of the failure should not be decided on a motion to quash the proceeding (People ex rel. Irving Sav. Bank v. Howes, 266 App. Div. 1024). For the reasons stated, the motion to dismiss is denied.