Clare J. Hoyt, J.
Petitioner, in this tax certiorari proceeding, filed with respondents on or about September 18, 1962 an application for revision of the real property assessment for the year 1963 to reduce the assessment on petitioner’s property from $24,260 to $15,000. Subsequent to receipt of this application respondents by letter dated September 27, 1962 notified petitioner that a hearing by the City Council sitting as a Board of Review of Taxes and Assessments would be held on October 5, 1962 with respect to the application for revision. No representative of the petitioner attended the hearing and on October 8, 1962 respondents completed the assessment roll for 1963 and petitioner’s property was again assessed at the 1962 rate.
Respondents now move to quash the petition to review the assessment contending that petitioner’s willful refusal to attend and appear before the Board of Review of Taxes and Assessments pursuant to the notice constitutes grounds for dismissal of the petition.
Subdivision 2 of section 512 of the Real Property Tax Law provides that the board of review if not satisfied that the assessment is illegal, erroneous or unequal may require the petitioner or its representative to appear before it and be examined concerning its complaint and to produce any papers relating to such assessment. It is further provided that if the petitioner “ shall willfully neglect or refuse to attend and be so examined * * * such person shall not be entitled to any reduction of the assessment subject to the complaint ”.
An extract of the pertinent provision of this section of the law is printed on the reverse side of the application for revision filed by petitioner. The letter to petitioner from respondents advising of the time and place of the hearing requested peti *906 lioner’s presence, the submission of certain data concerning the expenses of the property to the assessors’ office and further advised petitioner that no further consideration would be given to the application if there were a failure to attend the hearing.
Section 512 is derived from former section 27 of the Tax Law, formerly section 37 thereof. In People ex rel. Trojan Realty Corp. v. Purdy (174 App. Div. 702, 709), the court held that “if a person claiming such exemption or reduction willfully refuse to appear when summoned [pursuant to Tax Law, § 37] he forfeits his right to have his application granted, and cannot obtain a review by certiorari of the refusal so to grant it. (People ex rel. Horton v. Ferguson, 120 App. Div. 563; People ex rel. Brown v. O’Rourke, 31 id. 583.) ”
Petitioner in its answering affidavit does not deny the notice and its failure to attend the hearing. It gives no excuse for its nonappearance. It argues that the data furnished in its application for revision was sufficient to indicate an overassessment and it questions the good faith of respondents in providing for a hearing. These are no grounds to avoid this clear language of the statute.
The court is of the opinion that petitioner’s willful refusal to participate in the proceedings created by statute ‘ ‘ to enable the assessors to pass intelligently upon the claim for reduction ” (People ex rel. Trojan Realty Corp. v. Purdy, supra, p. 709) estops petitioner from seeking a judicial review of the assessment.
A willful refusal to attend and be examined before the board of review is distinguishable from a petitioner’s failure to answer certain questions put to him by the Assessor. In the latter situation the petitioner’s right to maintain the proceeding is not affected and the effect of the failure to answer any material question should not be decided on a motion to quash the proceeding (see People ex rel. Irving Sav. Bank v. Howes, 266 App. Div. 1024; Matter of Sassano v. Lennox, 32 Misc 2d 222, 224; Odell Center v. Lennox, 226 N. Y. S. 2d 325, 326).
The motion is granted, petition is dismissed and the proceeding quashed.