Frank S. McCullough, J.
Tlie respondents in this proceeding for a review under article 7 of the Real Property Tax Law of an assessment of real property leased by the petitioner, move to dismiss the petition because of relator’s willful refusal to answer material questions at a hearing held by the Board of Review upon the protest of the assessment filed by the petitioner.
The lessee is obligated to pay the taxes under its lease.
The land and improvement were tentatively assessed at $1,493,500 for 1963, and after the hearing upon the petitioner’s complaint, the Board of Review determined the final assessment to be $1,950,000.
Where a complaint has been filed with respect to an assessment, the Board of Review thereafter determines the final assessment and such assessment may be greater than, the same as or less than the original assessment. (Real Property Tax Law, § 512, subd. 3.)
*793 ■Subdivision 2 of section 512 of the Beal Property Tax Law provides that the Board of Beview may take testimony in regard to any complaint and the assessment to which it relates and it may require the property owner to appear before the board and be examined, it provides further: “if the person whose real property is assessed, or his agent or representative, shall willfully neglect or refuse to attend and be so examined, or to answer any material question put to him, such person shall not be entitled to any reduction of the assessment subject to the complaint.”
Pursuant to section 512, the petitioner was requested to attend before the Board of Beview and be examined. The petitioner’s attorney appeared in lieu of an officer and was examined by the board. A transcript of the proceedings before the board is attached to the motion papers. It appears therefrom that the petitioner is a lessee of the subject premises under a percentage lease whereby the lessee agrees to pay the owner of the land certain specified percentages of gross collections from rooms, beverages, food and concessionaires. The petitioner’s attorney testified to the various percentages, but refused to give the amounts of the gross collections. The percentages have no significance without the amounts of gross collections. He refused to state what amounts were given to the owner of the land for the use of the land. Questions pertaining to rent for the use of the land were definitely material questions by the Board of Beview.
Petitioner’s attorney refused to answer these questions on the ground that they were not germane on the authority of People ex rel. Hotel Paramount Corp. v. Chambers (298 N. Y. 372). That case is not authority nor justification for his refusal to answer questions relating to rent and income of Hilton Inns. The court in the Hotel Paramount case did not say that the income of a transient hotel was not germane in this type of a situation. It pointed out that the sales price of a hotel enterprise as well asdiotel income reflected not only the value of the real estate, but other elements such as management, good will, furniture and furnishings, inventory of food and beverages and the usual hotel services. The court said that the record therein did not disclose the manner of determining what portion of the sales price and of the yearly income was attributable to the real estate and of segregating that from the portion derived from other items. One must know what the hotel income is before he can start to segregate the portion thereof attributable to the real estate. The court in the Hotel Paramount case *794 recognized that hotel income has a limited relevancy and said (p. 375): “ The relevance of income or profit produced in the operation of such specialty property is necessarily limited ■ — in the valuation of the real estate — to the inquiry whether the structural improvements are suitable to the site and whether the full structural value of the building may be added to the value of the land.” The court therein further stated that the principle enunciated in People ex rel. Manhattan Sq. Beresford v. Sexton (284 N. Y. 145) and People ex rel. Parklin Operating Corp. v. Miller (287 N. Y. 126) is clearly applicable to a transient-hotel whose income reflects the additional elements of management, good will and personal property. In the Beresford case, the court said (p. 149): “ The value of the improvement arrived at by capitalization of potential or actual income may well be weighed and considered but if it be more than reconstruction cost less depreciation, at least in the absence of extraordinary circumstances not present here, the latter still remains the maximum value which may be assessed upon the property.”
Thus, the petitioner’s hotel income is relevant and material herein. The village can employ its own experts to segregate that portion of the business income which is attributable to the real estate. This becomes more important in view of the petitioner’s claim that the value of the improvement is less than the cost of construction, less depreciation. The respondents contend that the hotel income is sought to show that the structure is suitable on the land and that the full construction cost, less depreciation, should be the proper measure of value. Obviously, the hotel income allocable to the real estate is a very material factor on this issue.
AVhether the questions are material is for the Board of Review to determine and not the person who presents himself to obtain a reduction of his assessment. (People ex rel. Claflin Co. v. Feitner, 58 App. Div. 468, 470-471.) Such objection cannot be used as a shield to thwart the board. ‘ ‘ AVhen the application for this reduction was made it was the duty of The applicant to make clear the fact that he was entitled to what he asked” (p. 472). The board should be put into possession of reliable information from one who knows the facts, to the end that it may act intelligently upon the application.
Most of the members of the Board of Review, consisting of the Mayor and six Trustees, assisted by the Village Attorney and special counsel, were present at the hearing. No objection was raised at the hearing to the absence of the Board of Assessors, nor is it mentioned in the petition for review.
*795 Questions pertaining to the rent or money paid for the use of the land, hotel income, costs of construction and the contents of the general contractor’s contract were all material and there was a willful refusal by petitioner’s attorney to answer those questions. Questions relating to the lease, blanket mortgage and fire insurance were also material.
The authorities are quite clear that where the petitioner willfully refuses to attend and be examined by the Board of Review, he forfeits any right to reduction and his petition to review may be dismissed. (People ex rel. Trojan Realty Corp. v. Purdy, 174 App. Div. 702, 709; People ex rel. Horton v. Ferguson, 120 App. Div. 563; Matter of Woolworth Co. v. McIntyre, Supreme Ct., Orange County, Hoyt, J., March 20, 1963; People ex rel. Iroquois Gas Corp. v. Benning, 148 Misc. 653, 654; People ex rel. New York Cent. R. R. Co. v. Jones, 144 Misc. 776, 781.)
Although section 512 makes no distinction between a willful failure to appear and be examined and a willful refusal to answer material questions, the courts have treated the latter situation differently. In People ex rel. Iroquois Gas Corp. v. Benning (supra) the court made the following observations (pp. 654-655): “ Conditions may arise upon a motion such as this where the affidavits are so clear as to permit the court to say that certain questions are or are not material. In that event the court, following its present trend in certiorari proceedings, will pass upon those questions in advance of a return. The contrary would seem the better practice in a situation such as is here presented, for the court will be better able to determine the relevancy and pertinency of questions when the whole matter is presented to it upon the filing of the return to the writ (People ex rel. N. Y. & Q. C. R. R. Co. v. Commissioners, 55 App. Div. 218; People ex rel. Brown v. O’Rourke, 31 id. 563).”
The case of People ex rel. Irving Sav. Bank v. Howes (266 App. Div. 1024) is controlling here. In that case the Appellate Division of this Department affirmed the denial of a motion to dismiss and held that the failure to answer questions of the tax assessment officials does not affect the owner’s right to maintain the proceeding, but it may affect the owner’s right to a reduction of his assessment, depending upon whether the questions asked and not answered were material to the issue, but that issue should not be decided-on a motion to dismiss. In that case, the motion to dismiss was made after the return was filed, and in denying the motion to dismiss, Judge Davis held that 1 ‘ the failure of relator to testify before the taxing authorities as to an appraisal of the property by the relator’s trustees in the *796 year 1937 does not give rise to a jurisdictional defect in respect to relator’s right to seek relief by way of certiorari.”
The rule enunciated in People ex rel. Irving Sav. Bank v. Howes was reiterated in Matter of Sassano v. Lennox (32 Misc 2d 222, 224), and Matter of Woolworth Co. v. McIntyre (Supreme Ct., Orange County, Hoyt, J., March 20, 1963, supra.)
The question whether or not the willful refusal of the petitioner’s attorney to answer material questions may affect the petitioner’s right to a reduction of the assessment should be determined at the trial. Also, such a question may be academic in view of the increase in the assessment. Since the tentative assessment was increased approximately $450,000, the petitioner is entitled to have the final assessment reviewed by the trial court.
The ease cited by respondents (People ex rel. Claflin v. Feitner, 32 Misc. 61, affd. 58 App. Div. 468) is not directly in point. The court did not decide the question whether the refusal to testify was a bar to a reduction, but it did say that whether or not it was a bar, the Commissioners could take the refusal into consideration. The court therein finally determined that it did not appear that the assessment was excessive or unjust.
Therefore, under the circumstances, the motion to dismiss is denied. Since the respondents were unable to appropriately complete their examination of the petitioner, sufficient special circumstances exist here to warrant an examination before trial of the petitioner, if desired. (Matter of Hunt Foods v. Basinait, 4 A D 2d 1002; Matter of Limerick v. Fitzgerald, 29 Misc 2d 185; Matter of Town & Country Plaza v. Board of Assessors, 10 Misc 2d 942.) In Matter of Resin Realty Corp. v. Lennox (15 A D 2d 794) an examination of the petitioner was allowed during trial. In the event such an examination is granted appropriate remedies are available.