■ In the Matter of LEVIN PROPERTIES, Respondent, v VILLAGE OF PELHAM MANOR et al., Appellants. — In proceedings pursuant to article 7 of the Real Property Tax Law to review assessments on certain real property, for the years 1982 and 1983, the Village of Pelham Manor, its assessor and board of review, appeal from an order of the Supreme Court, Westchester County (Sullivan, J.), entered March 28, 1984, which denied their motion to dismiss the petitions.

Order affirmed, without costs or disbursements.

The evidence did not demonstrate such pleading, appearance and informational deficiencies at the protest level necessary for the grant of the appellants' pretrial motion to dismiss (see *People ex rel. Irving Sav. Bank v Howes,* 266 App Div 1024; *Matter of Hilton Inns v Board of Assessors,* 39 Misc 2d 792; cf. *Matter of Spencer v Mullen,* 84 AD2d 790, and cases cited therein). This is particularly the case because the board of review had the benefit of information supplied by both the major

tenant and by the landlord. The protests filed by the landlord (Levin Properties) and by the major tenant (Caldor) involve the same shopping center and the assessment for the entire parcel. Thus, the board of review treated the matter as a single complaint, as evidenced by its resolution of March 14, 1983, which stated that: "IT IS RESOLVED that the complaint, dated February 11, 1983, brought upon behalf of Levin Properties, as owner, and the complaint, dated February 14, 1983, brought on behalf of Caldor, Inc., as net tenant, are, in effect, one single complaint". Mangano, J. P., Gibbons, O'Connor and Boyers, JJ., concur.