(55 App. Div. 218.)

PEOPLE ex rel. NEW YORK & Q. C. R. CO. v. STATE BOARD
OF TAX COM'RS.

(Supreme Court, Appellate Division, Third Department.  November 14, 1900.)

1. CORPORATIONS—FRANCHISE TAX—ASSESSMENT—REPORTS—CERTIORARI—PEN-
ALTIES.

Laws 1899, c. 712, § 43, requires every corporation subject to special
franchise tax to furnish a report of such franchises to the board of state
tax commissioners within 30 days after October 1, 1899, and declares
that every corporation failing to make such report shall forfeit $10 for
each day the failure continues, and shall also forfeit the right to review
the assessment by certiorari.  Held that, on failure of a corporation to sub-
mit its report within the 30 days, the pecuniary penalty only attached,
provided the report was furnished before final assessment, since the
object of the law was to obtain information for the guidance of the board,
and the pecuniary penalty indicated that the report might be furnished
after the 30 days had expired.

2. SAME—PETITION.

Laws 1899, c. 712, §§ 42, 43, authorize the assessment of special fran-
chise tax on corporations, and require corporations subject thereto to
furnish a report to the state board of tax commissioners within 30 days
after October 1, 1899, or forfeit a penalty of $10 a day while in default,
and the right to review the assessment by certiorari.  Section 11 declares
that such assessments may be reviewed, so far as practicable, as if made
by a local assessor.  Tax Law, art. 11, § 250, provides that persons ag-
grieved by an assessment may have the same reviewed on certiorari, and
declares the facts necessary to be alleged in a petition for that purpose,
but does not require the petition in a proceeding to review an assessment
under the franchise tax law to state that the requirements of section 43
have been complied with.  Held that, since forfeiture of a corporation's
right to review its franchise assessment by certiorari for failure to submit
the report was a matter of defense only, a petition by a corporation for
certiorari, which stated facts from which it might be presumed that re-
lator furnished the report prior to the assessment, was sufficient, though
it did not allege that the same had been furnished within the time required.

Appeal from special term.

Certiorari by the people, on relation of the New York & Queens
County Railroad Company, against the state board of tax commis-
sioners, to review an assessment of a special franchise tax imposed
on relator.  From an order dismissing the writ, relator appeals.  ·Re-
versed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MER-
WIN, and SMITH, JJ.

George W. Stephens, for appellant.

John C. Davies, Atty. Gen. (Henry B. Coman, Dep. Atty. Gen.,
of counsel), for respondent.

KELLOGG, J.  The disposition of this appeal must depend upon
the construction to be placed upon section 43 of chapter 712 of the
Laws of 1899, commonly known as the "Special Franchise Tax Law."
The section reads as follows:

"Every person, co-partnership, association or corporation subject to taxa-
tion on a special franchise, shall, within thirty days after this section takes
effect, or within thirty days after such special franchise is acquired, make
a written report to the state board of tax commissioners containing a full
description of every special franchise possessed or enjoyed by such person,

co-partnership, association or corporation, a copy of the special law, grant, ordinance, or contract under which the same is held, or if possessed or enjoyed under a general law, a reference to such law, a statement of any condition, obligation or burden imposed upon such special franchise, or under which the same is enjoyed, together with any other information relating to the value of such special franchise, required by the state board. The state board of tax commissioners may from time to time require a further or supplemental report from any such person, co-partnership, association or corporation, containing information and data upon such matters as it may specify. Every report required by this section shall have annexed thereto the affidavit of the president, vice-president, secretary or treasurer of the association or corporation, or one of the persons or one of the members of the co-partnership making the same, to the effect that the statements contained therein are true. Such board may prepare blanks to be used in making the reports required by this section. Every person, co-partnership, association or corporation failing to make the report required by this section, or failing to make any special report required by the state board of tax commissioners within a reasonable time specified by it, shall forfeit to the people of the state the sum of one hundred dollars for every such failure and the additional sum of ten dollars for each day that such failure continues, and shall not be entitled to review the assessment by certiorari, as provided by section forty-five of this chapter."

The defendant contends that the language here used makes a time limit of 30 days in which a report may be furnished, and if not furnished within that time the whole penalty attaches, one part of which penalty is a forfeiture of the right "to review the assessment by certiorari as provided by section forty-five of this chapter." If this construction is to prevail, it follows that such right is lost forever. The penalty attaches to each annual assessment thereafter as firmly as it does to the first assessment; for the report called for is not to be made annually, like the assessments, but once only, and to be made before October 1, 1899. I do not think the legislature intended such a result, nor do I think a reasonable construction of the law leads to that conclusion. The sole function of the report was to put before the tax commissioners the necessary data to base a valuation or assessment upon. It required—

"A full description of every special franchise possessed or enjoyed by such person, * * * a copy of the special law, grant, ordinance or contract under which the same is held, * * * a statement of any condition, obligation or burden imposed upon such special franchise, * * * together with any other information relating to the value of such special franchise, required by the state board. * * * Such board may prepare blanks to be used in making the reports required by this section. * * * Failing to make the report required by this section, or failing to make any special report required by the state board of tax commissioners within a reasonable time specified by it, shall forfeit to the people of the state the sum of one hundred dollars for every such failure and the additional sum of ten dollars for each day the failure continues."

In these last lines of this section the intention of the legislature is clearly manifest to permit the report to be furnished after the 30 days. Why else is this pressure put on of "ten dollars for each day the failure continues?" This $10 a day does not run forever. It seems to me plain that the legislature intended to force the owner of a special franchise to furnish the tax commissioners the needed information for assessment purposes. It directed it to be furnished within a certain time,—"within thirty days after this section takes

effect." If not furnished within that time, the owner is subjected to a penalty of $100, and so long as he continues negligent or contumacious thereafter he is subjected to a further penalty of $10 daily until the information is given to the tax board; and, if not given before the final assessment is made, then the right to review that assessment through the statutory certiorari is also forfeited. The punishment is not everlasting. The offense is purgative.

The defendant further contends that the furnishing of the report to the tax board before October 1, 1899, was not only a condition precedent to the right to review the assessment by certiorari, but performance of that condition should have been alleged in the petition. In this I think the defendant is wrong. The petition sets forth all the necessary facts to give the court jurisdiction and to authorize a writ, either at common law or under the statute. The petition complies substantially with all the requirements of article 11 of the tax law, and with section 45 of the special franchise law. It is true, the petition does not state that the relator has not forfeited the rights those enactments have conferred upon all parties conceiving themselves to be aggrieved by assessments; nor, under the rules of practice, do I think the relator need to so state. Section 45 of the special franchise law (chapter 712, Laws 1899) provides:

"An assessment of a special franchise by the state board of tax commissioners may be reviewed in the manner prescribed in article eleven of this chapter, and that article applies so far as practicable to such an assessment, in the same manner and with the same force and effect as if the assessment had been made by local assessors."

Article 11 (section 250 of the tax law) provides:

"Any person assessed upon any assessment roll claiming to be aggrieved by any assessment for property thereon may present to the supreme court a petition," etc.

The necessary facts to be alleged in such petition are here prescribed. The remedy is offered, without condition, to all. It does not say to "all who shall prove that they have complied with the requirements of section 43 as to reports." It is plain, by the language used, that those who have forfeited the right to this remedy are exceptions, and that any has forfeited the right cannot be presumed. No petitioner in such case need allege that he is not the exception. This is not similar to the case of Reining v. City of Buffalo, 102 N. Y. 308, 6 N. E. 792. There the prohibition as to the bringing of an action ran against every one, and Ruger, C. J., said:

"It attaches to all actions whatsoever, and, by force of the statute, becomes an essential part of the cause of action, to be alleged and proved as any other material fact."

In Steel Co. v. Payne, 13 App. Div. 15, 43 N. Y. Supp. 379, Justice Landon declares the proper practice, using this language:

"We think that, as it is necessary for the plaintiff to allege the conditions conferring jurisdiction against foreign corporations, so it is necessary for the defendants to allege the exceptions, if the plaintiff does not state them, which exclude foreign corporations from invoking our jurisdiction against their domestic debtors."

The forfeiture of an admitted right, if there has been a forfeiture, is clearly a matter of defense. The petition of this relator, instead of admitting a forfeiture, or stating facts from which a forfeiture can be implied, states facts from which it may properly be presumed that the relator furnished to the tax board prior to the final assessment all the information required to be furnished by section 43; and should the return to the writ establish that the relator had done substantially that, whether it be called a "special report," or by any other name, I see no reason for confining the relator to the practice in writs at common law,—of reviewing the assessment on the return alone. The statutory provisions for this class of cases provide a change in procedure after a return to the writ has been made, giving to the court power to reach facts which the return may not disclose, and giving, also, an enlarged remedial authority. Whether the relator has in fact forfeited the right to invoke these statutory provisions can be best determined after a return is made to the writ.

The order of the special term superseding and dismissing the writ should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.