People ex rel. Brooklyn Heights Railroad Co. et al., Relators, *v.* Public Service Commission of the First District et al., Defendants.

(Supreme Court, New York Special Term, August, 1917.)

Certiorari — allegations contained in petitions for writs of — questions to be determined upon hearing on return to writs — street railways — motions to quash writs granted — Code Civ. Pro. § 2140.

A motion to quash a writ of certiorari may be granted either upon the papers upon which it was granted or upon additional affidavits and either before or after return thereto, and where it appears to have been improvidently granted the motion should prevail.

Where the allegations of a petition for a writ of certiorari to review an order of the public service commission for the first district, directing relators to provide additional cars for public use on their several railroads, though substantially based upon the provisions of section 2140 of the Code of Civil Procedure, stating the questions to be determined upon the hearing on the return to the writ, are not supported by any allegations of fact whatsoever, and taken as a whole amount to nothing more than a sworn statement that the commission was wrong in making the order sought to be reviewed, that its action was unjustified, that petitioners are agreed and that they ask an opportunity to review said orders, and it appears that relators have had an opportunity to supplement the bare allegations of their petitions by replying affidavits and have failed so to do, and an examination of all the papers fails to disclose a single fact from which it can be judicially determined that the order of the commission is even *prima facie* unreasonable, unwarranted or unlawful, the court cannot determine that there is reasonable ground to believe that error has been committed, and motions to quash the writs will be granted.

The public service commissions should not be hampered and obstructed in their efforts to secure increased transit facilities for the public by proceedings for a court review of their determination except in cases where it clearly appears that it is " necessary to keep them within the law and protect the constitutional rights of corporations over which they were given control."

MOTIONS to quash four writs of certiorari.

William L. Ransom (Godfrey Goldmark, with him on brief), for motions.

D. A. Marsh, George D. Yeomans, Charles A. Collin and John L. Wells, in opposition.

ORDWAY, J.    These are motions to quash four writs of certiorari granted by the court to review an order of the public service commission directing the relators to provide additional cars for the use of the public on the several railroads of the relators.  The writs were granted *ex parte,* and the defendants now move to quash the same upon affidavits which are answered by affidavits of the relators.

It is well settled that the writ of certiorari is a discretionary writ, and that a motion may be made to quash the same, either upon the papers upon which it was granted or upon additional affidavits, and either before or after return thereto.  Such a motion invokes the exercise of the discretion of the court, and the motion should be granted where it appears that the writ was improvidently granted.

In these cases the papers are very voluminous, and the defendants argue that the writs should be quashed on the ground that the petitions therefor are insufficient to justify the allowance of the writs, and on the further grounds that these proceedings are not conducted in good faith or for the real purpose of reviewing the order which they purport to seek to review, but for the purposes of delay, and that justice and the public interests will not be promoted by allowing the writs to stand.

The Court of Appeals of this state, in the recent case of *People ex rel. New York & Queens Gas Co.* v.

*McCall,* 219 N. Y. 84, stated the grounds for sustaining such a writ of certiorari and vacating the order sought to be reviewed as follows: " The order may be vacated as unreasonable if it is contrary to some provision of the federal or state constitution or laws, or if it is beyond the power granted to the commission, or if it is based on some mistake of law, or if there is no evidence to support it, or if, having regard to the interests of both the public and the carrier, it is so arbitrary as to be beyond the exercise of a reasonable discretion and judgment."

It would seem, therefore, that it is necessary in order to justify this court in granting or upholding a writ of certiorari that facts should be shown which tend to prove the existence of some one of these reasons for vacating the order sought to be reviewed. In these cases the petitions merely state " that the aforesaid order of February 8, 1917, is erroneous and illegal, and that the said Public Service Commission of the State of New York for the First District erred to the prejudice of your petitioner in making the same; that there was no competent proof before the commission of the facts necessary to be proved in order to authorize the making of said order of February 8, 1917; that there was upon all the evidence such a preponderance of proof against the existence of facts necessary to be proved in order to authorize the making of said order that the verdict of a jury affirming the existence thereof rendered in an action in the Supreme Court triable by a jury would be set aside by a court as against the weight of evidence; that the requirements of said order of February 8, 1917, are unjust, unreasonable and illegal and not warranted by the proofs taken upon the hearings before the said commission; that the said Public Service Commission of the State of New York for the

First District was without power or jurisdiction to make said order; that the action of said commission in granting said order was arbitrary and unreasonable, and that the rules of law affecting the rights of the petitioner have been violated, to its prejudice; that the proofs taken by the commission do not warrant the conclusion that your petitioner should purchase or provide additional surface cars to the extent provided in said order and within the time therein provided; that compliance with said order would amount to a confiscation of the property of your petitioner and be a taking of property without due process of law, and that the said order of the said commission should be set aside and vacated.''

These allegations are substantially based upon the provisions of section 2140 of the Code, stating the questions to be determined by the court upon the hearing on the return to the writ. They are not supported by any allegations of fact whatsoever. There are allegations in paragraph 6 of the petitions to the effect that the relators '' provided and used cars sufficient in number to reasonably accommodate passengers offering themselves for transportation and to render adequate service or facilities for the transportation of passengers,'' etc., but there is no allegation of facts tending to show that there was any evidence before the public service commission to that effect, or no evidence to the contrary, and the allegations of paragraph 6 amount at most to nothing more than an allegation that the order of the public service commission was unreasonable, which is not a sufficient reason for sustaining a writ of certiorari. While allegations of fact are contained in the notice of February 27, 1917, annexed to the petitions as Exhibit A, that notice is not verified, nor is it incorporated in the petitions except as a notice (petition, ¶ 5), nor is it

14  People ex rel. B. H. R. R. Co. *v.* P. S. Comm.

Supreme Court, August, 1917.          [Vol. 101.

alleged that the facts therein stated were before the commission on the hearings.

It seems to me that the allegations of the petitions upon which the writs were issued are mere conclusions and do not constitute a sufficient ground for the issuance of the writs. The petitions, taken as a whole, amount to nothing more than a sworn statement that the public service commission was wrong, that its action was unjustified, that the petitioners are aggrieved, and that they ask an opportunity to review the orders of the public service commission in the courts. This is little more than a notice of appeal, but the law gives the relators no right to appeal from the decisions of the public service commission. If it had been intended to give them such right of appeal, it would undoubtedly have been granted by the statute. Undoubtedly the relators are entitled to a judicial review of the questions of law which the commission must be deemed to have decided in making its order (*Wadley Southern R. Co.* v. *Georgia,* 235 U. S. 651), but there are other ways of obtaining such relief, and it does not follow that they are necessarily entitled to that review by a writ of certiorari. That writ is discretionary, and while the discretion is not an arbitrary one and the writ should be allowed in a proper case (*People ex rel. Joline* v. *Willcox,* 129 App. Div. 267; 194 N. Y. 383), it can only be allowed where the petitioner shows a proper case for the issuing of the writ (Code Civ. Pro. § 2127), and it should not be allowed except where sufficient reasons therefor are shown to the court.

As was well said by Mr. Justice Finch in *People ex rel. Heaney* v. *Woods,* N. Y. L. J. March 29, 1916: " This motion to quash writ of certiorari is granted. Section 2127 of the Code of Civil Procedure requires that ' the petition must show a proper case for the

issuing of the writ.' It would seem that this can only mean that the petition must set forth facts from which an inference may be drawn that an injustice has been done the relator. There must be set forth more than a mere conclusion of the relator. A compliance with this requirement will tend to make a motion for a writ of certiorari really a decision as to the sufficiency of the petition instead of, in effect, making such a decision a mere perfunctory allowance of an appeal." See, also, *Matter of Rosenthal,* 133 App. Div. 733; *People ex rel. Miller* v. *Peck,* 73 id. 89, 92.

The relators have had an opportunity to supplement the bare allegations of their petitions in their replying affidavits, but they have failed to do so. A careful examination not only of the petitions, but of the replying affidavits, fails to disclose a single fact from which the court can determine judicially that the order of the commission is even *prima facie* unreasonable, unwarranted or unlawful. Under such circumstances this court cannot determine in its discretion that there is reasonable ground to believe that error has been committed.

As I observed upon the argument of these motions, it is difficult to discover just what the real controversy is in these cases or what the relators' real grounds of objections are to the order complained of. Although there is some intimation that the relators regard the increased number of cars ordered as unnecessary, the papers seem to show the contrary, and so far as I can make out the only points that seem to be really in dispute are, first, as to the character of the cars, whether they should be trailer cars or motor cars, and, second, as to the date when the companies should be required to put them into service. As to the first point, the order complained of does not provide how many of the cars shall be trailer cars and how many shall be motor

16 People ex rel. B. H. R. R. Co. *v.* P. S. Comm.

Supreme Court, August, 1917. [Vol. 101.

cars. There is nothing in the papers to indicate that the commission is going to insist upon their being all motor cars, or any of them motor cars. It is true that the plans for the cars must be approved by the commission, which probably includes the determination of the kind of cars, but until the commission has rejected plans for trailer cars it cannot be said that the commission intends to insist upon all of the cars being motor cars. The commission expressly disclaims any intention to require all of the cars to be motor cars. So far as this point is concerned, it seems to me that the application for the writs is premature, even if writs should be allowed in such case at all. As to the second point, there is no evidence in these papers to justify the conclusion that the companies cannot obtain the cars ordered and put them into service by the date fixed in the order. It is true that the companies allege that they may find it impossible to get the cars by that date on account of the conditions resulting from the war. They wrote to the commission on June 1, 1917, that '' an effort will be made to ascertain whether cars can be secured to conform to such specifications in a reasonable time at a reasonable price.'' It does not appear from the papers whether they have made such effort or, if they have, what was the result. Mere allegations that it may be impossible to obtain the cars by the date fixed by the commission or within a reasonable time, or at a reasonable price, are insufficient to justify a review of the order by writs of certiorari. There is no allegation in the papers that any such facts were presented to the commission at the time that the order was made, and for that reason writs seeking to review the order upon that ground would now be improper. Section 22 of the Public Service Commissions Law provides that where facts arise subsequently to the making of an order which are deemed to entitle the

companies to a modification of the order which the commission has made, the companies have no standing in court until they have exhausted the remedy afforded by the statute and have given the commission opportunity to afford suitably the relief desired. As I have said, it does not appear that such facts have yet arisen, but if they do the companies have their remedy under section 22 of the law and are not justified in now asking the court to review on this ground an order of the commission made when these facts were not before them.

The relators argue that these writs of certiorari do not act as a stay of the order of the commission, and that, therefore, they do not delay the operation and performance of the order, and that no harm will be done to the public interests by allowing them to review the order in the courts by these writs. They do not, however, state that they will go ahead and obey the orders pending such review, and it will be noticed that section 24 of the Public Service Commissions Law provides that " if the defendant in such action (an action in the name of the people to recover the penalties and forfeitures provided for in the statute) shall prove that during any portion of the time for which it is sought to recover penalties or forfeitures for a violation of an order of the commission the defendant was actually and in good faith prosecuting a suit, action or proceeding in the courts to set aside such order, the court shall remit the penalties or forfeitures incurred during the pendency of such suit, action or proceeding." See 129 App. Div. 267, 273. It seems to me to follow from this that, while these writs of certiorari if allowed to stand do not actually constitute a stay, nevertheless no penalty or forfeiture can be enforced against the relators pending such certiorari proceedings for failure to obey the order, and therefore that

the relators will be able with impunity to refuse to obey the order or to delay compliance therewith during the pendency of such proceedings.

In my opinion, public service commissions should not be hampered and obstructed in their efforts to secure increased transit facilities for the public of this city by proceedings for a court review of their determinations, except in cases where it clearly appears that it is " necessary to keep them within the law and protect the constitutional rights of the corporations over which they were given control." It does not seem to me that has been shown in these cases, and in the exercise of the discretion vested in the court the motions to quash these writs should be granted, with ten dollars costs in each case.

Ordered accordingly.