JOSEPH ROTHSCHILD and Another, Respondents, *v.* AMERICAN RAILWAY EXPRESS COMPANY, Appellant.

Fourth Department, May 8, 1929.

*Charles V. Byrne*, for the appellant.

*Arthur W. Wilson*, for the respondents.

TAYLOR, J. Defendant is a common carrier. (Interstate Commerce Act [24 U. S. Stat. at Large, 379], § 1, subd. 3, as amd. by Commerce Court Act [36 id. 544, 545], § 7, and Transportation Act of 1920 [41 id. 474], § 400; now U. S. Code, tit. 49, § 1, subd. 3.) Its duty is to establish and enforce reasonable regulations affecting the marking and delivering of packages of property. (Interstate Commerce Act [24 U. S. Stat. at Large, 380], § 6, as amd. by 34 id. 586, § 2; 36 id. 548, § 9; 37 id. 568, § 11; 39 id. 604, chap. 417, and 41 id. 483, §§ 409–413; now U. S. Code, tit. 49, § 6.) Its Official Express Classification No. 26, Interstate Commerce Commission No. 150 (established pursuant to the Interstate Commerce Act), provides in rule 14, subdivisions (a) and (b), that on " C. O. D." shipments the amount to be collected and the name and address of the shipper must be marked on each package. The rule also provides for aggregating and segregating when two or more packages are sent to the same consignee at the same time. There is a further provision that when one " C. O. D." covers two or more packages, the amount to be collected must be marked on each.

Plaintiff shipped from Syracuse through defendant company,

to a consignee in Rochester, a box containing 127.5 yards of cloth and a bolt of 42 yards of cloth, in separate packages on the same date. The defendant's express receipt, which was the contract of carriage, recited that the company had received, subject to existing classifications and tariffs, " 1 box & 1 bolt of cloth C. O. D." The box of cloth was marked " C. O. D." by the shipper. The bolt was not so marked, although its shipment " C. O. D." was evidently intended by plaintiffs. Under a stipulation of facts in the record it appears that the bolt (unmarked) was delivered to the consignee, but charges were not collected. The box of cloth (marked) was later delivered and acceptance refused by the consignee. Defendant then tendered the box back to plaintiffs and the tender was refused. Plaintiffs brought action for the value of both parcels of goods as expressed in the contract of carriage and recovered in full in the Municipal Court of the City of Syracuse. On appeal the judgment was affirmed in the County Court of Onondaga county and defendant appealed to this court.

It is a ·well-understood rule that one great purpose of the Interstate Commerce Act is to secure equality of rates to all, and to prevent favoritism by prohibiting secret departures from tariffs and forbidding rebates and all other forms of preferential discrimination. Such statutes are remedial and are entitled to receive that interpretation which will reasonably accomplish their. great public purpose. (*N. Y., N. H. & H. R. R. Co.* v. *Interstate Commerce Commission,* 200 U. S. 361.)

It is apparent that subdivisions (a) and (b) of rule 14 of the Official Express Classification place upon shippers the obligation to mark packages shipped, and also to aggregate and segregate packages. In the instant case, there being two packages intended to be shipped C. O. D., the duty rested upon plaintiffs to mark upon both packages " C. O. D.," the name and address of the shipper, and the amount to be collected on each package. Although plaintiff had not marked one package " C. O. D.," defendant issued its receipt for " 1 box & 1 bolt of cloth C. O. D." Under Classification No. 26, above mentioned, this was not and could not be a consent or agreement on the part of defendant to mark either of the packages for plaintiffs or to perform any service for plaintiffs other than that which was provided for all customers. (*Atchison, Topeka & Sante Fe Railway Co.* v. *Robinson,* 233 U. S. 173.) The result accomplished was that defendant accepted for transportation two segregated packages, one for delivery " C. O. D.," and one for delivery without collecting from the consignee.

As to the box containing 127.5 yards of cloth, defendant did its full contractual duty by tendering that package to plaintiffs after

the consignee had refused to accept it and pay for the goods. The record presents nothing to indicate that non-delivery of the two packages to the consignee at the same time or delay in tendering the box back to plaintiffs authorized plaintiffs to decline acceptance.

Under its contract — as it must be interpreted in connection with the law applicable to it — the defendant has performed every duty incumbent upon it.

The judgment and order of the County Court of Onondaga county and the judgment of the Municipal Court of the City of Syracuse should be reversed upon the law, and the complaint dismissed upon the merits, with costs to appellant in all courts.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Judgment of County Court and judgment of Municipal Court reversed on the law and complaint dismissed on the merits, with costs in all courts to the defendant.