THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE AMERICAN MANUFACTURING COMPANY, Relator, *v.* LEON GIFFORD and Others, Assessors of the Town of Saratoga, Saratoga County, N. Y., Respondents.

Supreme Court, Saratoga County, June 25, 1929.

*Rowe & Walsh,* for the relator.

*Lawrence B. McKelvey,* for the respondents.

HEFFERNAN, J. Relator, a manufacturing corporation organized under the laws of Massachusetts, is seeking to review an assessment of $755,450 upon its real property in the town of Saratoga for the year 1928. Heretofore it presented to the court its petition for that purpose, a writ of certiorari issued and the respondents made return thereto putting in issue the material allegations of the petition, but admitting, however, that the assessment is erroneous in that there are duplications concerning three parcels of land. In its petition for the writ the relator claimed error in the assessment for overvaluation and inequality. Thereupon an order of reference was made to take evidence upon the issues of fact raised

by the petition and return. Subsequently to the filing of the return respondents made this motion to quash the writ and dismiss the proceeding on the ground that relator's tax agent and attorney willfully neglected and refused to answer material questions put to them at the time appointed for hearing complaints.

It is undisputed that the assessment roll was properly prepared, completed, filed and that due notice thereof was given by the assessors, and that at the time and place specified therein they would meet to review their assessments. There is a recognized presumption of law that the assessment as made is correct, and the burden is on the person attacking it to present and establish in definite and intelligent form the facts which he asserts demonstrate error and call for revision. (*People ex rel. Kellogg* v. *Wells*, 101 App. Div. 600; *People ex rel. Jamaica W. S. Co.* v. *Tax Comrs.*, 196 N. Y. 39.) He who fails to do this forfeits the right to review. (*People ex rel. Sutphen* v. *Feitner*, 45 App. Div. 542.)

Section 37 of the Tax Law (as amd. by Laws of 1926, chap. 286) provides that at the time and place specified in the notice the assessors shall meet and " hear and determine all complaints in relation to such assessments brought before them, and for that purpose they may adjourn from time to time." The statute also contains a direction that " complainants shall file with the assessors a statement, under oath, specifying the respect in which the assessment complained of is incorrect, which statement must be made by the person assessed or whose property is assessed, or by some person authorized to make such statement, and who has knowledge of the facts stated therein." If not satisfied that the assessment is erroneous the statute clothes the assessors with authority to " require the person assessed, or his agent or representative, or any other person, to appear before them and be examined concerning such complaint, and to produce any papers relating to such assessment with respect to his property    *    *    *." After the examination the assessors shall fix the value of the property and may increase or diminish the assessment.  The same section also provides that " if any such person, or his agent or representative, shall wilfully neglect or refuse to attend and be so examined, or to answer any material question put to him, such person shall not be entitled to any reduction of his assessments."

It thus appears that in order to obtain a review by certiorari it was incumbent upon the relator in the first instance to set before the assessors the facts upon which it required them to act, and upon which it now claims overvaluation and inequality. The purpose of this provision is to enable the assessors to pass intelligently upon the claims for exemption or reduction.

Proceedings before taxing boards are not governed by the rules of practice prevailing in civil actions, and minor irregularities and informalities do not vitiate them. On such hearings the rigid rules of evidence do not apply. The assessors may take unsworn statements of an agent or attorney. (*People ex rel. Empire Mortgage Co.* v. *Cantor*, 190 App. Div. 512; *People ex rel. Haile* v. *Brundage*, 195 id. 745.) In discussing this subject in the case last cited Mr. Justice VAN KIRK, then sitting at Special Term and whose opinion was adopted by the Appellate Division, said: "The assessors, in seeking information and determining the amount of an assessment, are not limited to the rules of evidence prevailing in courts; they acquire information from observation, from hearsay, from inquiries and from the opinions of others."

Although the complaint is not necessarily judged by the strict rules of pleading, it must, however, clearly and definitely set forth the grounds on which the revisory power of the assessors is invoked and show on its face that the applicant is entitled to relief. The taxpayer must seasonably appear and file a proper complaint; and he must, in good faith, and without evasion or excuse, answer any and all relevant questions which shall be put to him regarding his property; otherwise the assessors are justified in assuming that his claim is a mere pretense to avoid the payment of his just share of the public burdens, and that it should be rejected. Certiorari is a discretionary writ which is not available to a taxpayer who is in fault by refusing to answer pertinent questions, or make disclosure, or otherwise aid in effecting a just appraisement of his property.

In the case under consideration the return admits that on grievance day the relator duly appeared before the assessors by its local representative and an attorney, and protested against its assessment, and filed a statement under oath specifying the respects in which it was claimed to be erroneous. They contended orally that the fair market value of the property assessed did not exceed $358,000; that it was for sale at that figure; that manufacturing operations had been discontinued, and that the property had ceased to be productive. It is quite significant that in 1927 the assessed valuation of the identical property was $297,300. These agents offered to submit to any examination which the taxing board might desire to make. No application for permission to amend or modify the return in any respect has been made. The proof shows that the assessors presented to relator's attorney a questionnaire, and it is the respondents' contention that the failure to supply information therein requested is a waiver of relator's right to review the assessment. Two of the questions

were designed to ascertain whether or not the property was for sale, and if so the price. These were fully answered. The other inquiries related to the value of the land, the value of the buildings, the insurance thereon and the cost of the property including improvements. To these interrogatories the answer in each instance was: "No data at hand." In the tax agent's affidavit he deposes to the effect that he notified the assessors that the information which they desired was at the company's principal office in Brooklyn, and that consequently he could not answer the questions more fully. This allegation is controverted by the members of the board.

The very persuasive argument of respondents' distinguished counsel has not convinced me that relator, because of its responses to the questionnaire, has forfeited its right to review the assessments. The proof is insufficient to warrant the conclusion that the relator willfully refused or neglected to supply the assessors with relevant information. (*People ex rel. Ruppert Realty Corp.* v. *Cantor*, 115 Misc. 519; affd., 204 App. Div. 863.)

It is to be noted that the statute explicitly prescribes the procedure to be followed when objection is made to an assessment. The only requirement is that the complainant "shall file with the assessors a statement, under oath, specifying the respect in which the assessment complained of is incorrect * * *." (Tax Law, § 37, as amd. by Laws of 1926, chap. 286.) The return concedes full compliance with the statute in this respect. The willful refusal of the owner or his agent to appear for examination when summoned, or to answer proper inquiries, is a forfeiture of his right to procure a review of the assessments. The prohibition against a reduction of the assessment applies only when the taxpayer "shall wilfully neglect or refuse to attend and be so examined, or to answer any material question put to him * * *." (Tax Law, § 37, as amd. by Laws of 1926, chap. 286.) The allegation that relator's representatives offered to submit to an examination is not denied.

The relator is criticised because those acting for it failed to make any offer to supply the desired information, and to request an adjournment for that purpose. Unquestionably that would have been a commendable course to have adopted. By the same token the assessors are not wholly blameless in failing to make such a suggestion. It is perhaps asking too much to expect such a courteous interchange between a tax agent and a tax assessor. If the assessors deemed the information supplied them to be insufficient, they could have refused to act upon it. Not only that, but they had the power to compel the relator, or any of its agents familiar with the facts, to appear before them and be fully

examined. It is undoubtedly true that relator's tax agent showed a remarkable lack of knowledge of a subject with which he should have been familiar. It is always possible, of course, for studied ignorance to cloak the most flagrant evasion. Evidence of equivocation, however, there is none. So far as the record discloses, the assessors made no objection to the answers contained in the questionnaire; they did not require that some other officer or agent of the relator should appear before them for examination; they participated in the oral argument and considered the application on its merits. It seems to me that if they had any objection to relator's procedure, justice and fairness required them to make it known at that time, and the difficulty could have been obviated by supplying what was desired. Having failed to do this, and having omitted to raise the objection in their return, the assessors must now be deemed to have waived any other information. (*People ex rel. West Shore R. R. Co.* v. *Johnson,* 29 App. Div. 75; *Matter of Corwin,* 135 N. Y. 245.)

The motion is, therefore, denied but under the circumstances without costs.