THE PEOPLE OF THE STATE OF NEW YORK ex rel. W. T. GRANT
REALTY CORPORATION, Relator, *v.* JACOB S. CLINTON, Chairman
of the Board of Assessment and Taxation of the City of
Schenectady, and Others, Defendants.

Supreme Court, Schenectady County, November 14, 1930.

*Cooper, Erving & Savage*, for the relator.

*Carleton H. Lewis*, for the defendants.

HEFFERNAN, J.    The relator obtained *ex parte* from a justice of
this court a writ of certiorari to review the action of the assessors
of the city of Schenectady in the assessment of its real property
for the year 1930.    The principal grounds upon which it claims
to be aggrieved are inequality and overvaluation.

The writ of certiorari was issued on September 24, 1930.    A veri-
fied return was served on relator's attorneys on September thirtieth
following.    Upon the return day defendants orally moved to quash
the writ on the ground that the proceeding was not instituted within

the statutory time and that no verified complaint had been filed with the board of assessors. It is significant that in defendants' return no objection to the timely institution of the proceeding is raised. On the oral argument defendants for the first time asserted that the petition for the writ was not filed within the fifteen days allowed after the completion and filing of the assessment as provided by section 291 of the Tax Law. The Tax Law (§ 39, as amd. by Laws of 1926, chap. 286) provides, in substance, that in cities the assessment roll when finally completed and verified shall be filed on or before September first in the office of the city clerk, there to remain for fifteen days for public inspection, and that notice shall be posted and published to that effect. Assuming, however, that the belated objection of defendants is timely, the question whether the petition was presented to the court within the statutory time can only be determined upon the sworn proof. Defendants submitted no affidavits on their motion to quash the writ. Neither in the affidavit of the chairman of the board of assessors which defendants later filed nor elsewhere under oath is there anything to show when the statutory time limit of fifteen days as prescribed by section 291 of the Tax Law began to run. There is a statement in the brief of defendants' counsel that the first publication of notice was made on September 6, 1930. No consideration can be given to a statement of fact which appears only in the brief of defendants. (*People ex rel. Albany County Savings Bank* v. *Lewis*, 226 App. Div. 187.) In that case as in this there was nothing before the court to show when the statutory time began to run except a statement in the brief of the attorney. Mr. Justice DAVIS, who wrote for a unanimous court, held that this could not be considered. I must assume that the first posting and publication occurred on or before September fifteenth. The application for the writ having been made on September twenty-fourth was, therefore, within the fifteen days allowed by the Tax Law.

It is conceded by defendants that one of the attorneys representing relator appeared before them on August 18, 1930, and protested against the assessment. At that time the attorney executed and filed the usual written form of complaint which was handed to him by a clerk in the office of the board of assessors. The attorney states under oath that after this statement was completed by him he delivered it to the chairman and stated that he swore to the contents of the notice. It is not denied that he prepared and delivered to the defendants the written form of complaint. The only denial relates to the verification. The Tax Law (§ 37, as amd. by Laws of 1926, chap. 286) prescribes that the

statement filed with the assessors shall be under oath. Defendants now urge that the complaint filed with them and which constitutes the basis of this proceeding is insufficient because not verified. The only purpose of this statement is to apprise the assessors of the nature of the relator's grievance. Not only do the assessors concede that the unverified protest was filed with them but they have included it in their return. It is fair to assume that they considered it in arriving at their determination. If they considered the statement insufficient because of failure to verify they should have objected thereto when it was filed and when it might have been corrected. If they had any objection to relator's procedure it was their duty to make it known at a time when the difficulty could have been obviated. If they failed to do this they must now be deemed to have waived the objection. (*People ex rel. American Mfg. Co.* v. *Gifford*, 134 Misc. 487; *People ex rel. Glen Head Realty Co.* v. *Garland*, 72 id. 414.)

The motion to quash the writ is, therefore, denied and a reference is ordered.