THE PEOPLE OF THE STATE OF NEW YORK ex rel. NEW YORK CENTRAL RAILROAD COMPANY, Relator, *v.* HUGH S. JONES and Others, as Assessors of the Town of Whitestown, Oneida County, New York, Respondents.

Supreme Court, Oneida County, March 1, 1932.

*Kernan & Kernan [Warnick J. Kernan* of counsel], for the relator.

*Sisson & Hartness [F. J. Sisson* of counsel], for the respondents.

DOWLING, J. Respondents move for an order dismissing a writ of certiorari, granted the relator herein, to review the 1931 assessment of its properties within the town of Whitestown, Oneida county, N. Y., upon the ground that the relator willfully refused

to be examined concerning the complaint filed by it or to produce certain papers and to furnish certain information relating to such assessment as commanded by section 37 of the Tax Law of the State of New York, which section provides: " * * * If not satisfied that such assessment is erroneous, they may require the person assessed, or his agent or representative, or any other person, to appear before them and be examined concerning such complaint, and to produce any papers relating to such assessment with respect to his property or his residence for the purpose of taxation. * * * If any such person, or his agent or representative, shall wilfully neglect or refuse to attend and be so examined, or to answer any material question put to him, such person shall not be entitled to any reduction of his assessments."

Respondents designated August 18, 1931, for hearing complaints and reviewing assessments relative to the tax roll for the town of Whitestown for the year 1931. Relator was assessed $784,430 on said tax roll. On August 18, 1931, the relator, by its agents and representatives, appeared and presented to respondents a protest against the said assessment, stating, in substance, that the full value of all of the lands and real property of the relator in said town, exclusive of special franchises, did not exceed in value the sum of $269,000, and relator demanded that said assessment be reduced to an amount not exceeding said sum. Respondents, not being satisfied that said assessment was erroneous, served upon relator the following notice:

" In the Matter of the 1931 Assessment
of the Real Property of the New York
Central Railroad Company in the
Town of Whitestown, Oneida County,
New York.

" To THE NEW YORK CENTRAL RAILROAD COMPANY:

" NOTICE IS HEREBY GIVEN that we, the undersigned, the Assessors of the Town of Whitestown, County of Oneida and State of New York, being dissatisfied with the general statements and allegations in your complaint against the 1931 assessment of your real property in the said Town of Whitestown, and not being satisfied that the said 1931 assessment of your said real property in said Town is erroneous, do hereby, under the provisions of Section 37 of the Tax Law of the State of New York, require that you produce before us certain evidence and information regarding your real property in said Town of Whitestown as hereinafter set forth, and certain witnesses hereinafter named in order that we may inform ourselves more fully as to the value of your real property

in the said Town of Whitestown, and may accurately and justly act upon your complaint for a reduction in the 1931 assessment of your real property in the said Town of Whitestown.

" 1. We require you to produce the contracts, or authentic copies thereof, under which your Company built many miles of track and other structures in the City of Utica, New York, in or about the year 1914.

" 2. We require you to furnish us with the amount of your cost and the items thereof charged to Capital Account for the construction of a new four-track line through the City of Rome in about the year 1912, and especially the amount and items of cost charged to tracks and signals in the construction of said four-track line in the City of Rome at said time.

" 3. We require you to produce a contract, or authentic copy thereof, made in July, 1923, with the Walsh Construction Company covering the construction of roadbed, bridges and other work for a new double-track connection between your main line and the line of the West Shore near Depew, New York.

" We require you also to produce the amount of cost and the items thereof as reported for the track laid in said connecting line.

" 4. We require you to produce a contract, or authentic copy thereof, made in January, 1917, with the New York State Dredging Company for the construction of a new double-track line at Tonawanda, New York, covering grading, bridges, track and other structures.

" 5. We require you to produce the contracts, or authentic copies thereof, and the amount and items of cost reported for the construction of the Castleton Cutoff.

" 6. We require you to inform us as to the amount of the actual cost of the automatic train stop apparatus recently installed in the said Town of Whitestown, and also the actual cost of:

" a. Culvert at Station 12704 built in 1927
" b. Culvert at Station 12754 built in 1923
" c. Culvert at Station 12764 built in 1923.

" 7. We are informed that the Interstate Commerce Commission inventoried your real property in the Town of Whitestown about 1919, and, therefore, we require that you produce for us the information as to the quantities of grading and of ballast between Station 12630 and Station 13008, as certified upon the records of the Interstate Commerce Commission by J. E. Warneck for the New York Central Railroad Company in March, 1924.

" 8. We are informed that the New York Central Railroad Company has heretofore officially protested the valuation of its property as made by the Interstate Commerce Commission, and we desire to

inform ourselves as to the correct methods to be used in the valuation of railroad property, especially with respect to overhead costs and depreciation, and we, therefore, require that you produce for us a copy of pages 1 to 19 inclusive of the said protest, in which such methods are set forth.

" 9. We are informed that you have a valuation department in charge of inventorying and appraising of all of your property and that one J. H. Roach, as your Chief Valuation Engineer, can speak authoritatively for you upon valuation matters, and we, therefore, require that you produce him before us to be examined regarding the value of your real property in the said Town of Whitestown. If for any good reason it is impossible for you to produce said J. H. Roach we require that you produce your Assistant Valuation Engineer, one A. W. Carpenter in his place.

" For the purpose of receiving the above information and evidence and examining witnesses by taking testimony as above set forth, we adjourn the hearing upon your complaint regarding your 1931 assessment in said Town of Whitestown to August 28, 1931, at 11 o'clock A. M., Eastern Standard Time, at the Town Hall in the Village of Whitesboro, New York.

" Dated, WHITESBORO, NEW YORK, *August* 18, 1931.

" HUGH S. JONES,
" *Chairman of the Board of Assessors*
*of the Town of Whitestown.*
" ROBERT R. JONES,
" CLAUDE R. COLE,
" *Assessors of the Town of Whitestown.*"

Respondents adjourned said hearing to August 28, 1931, at the same place. On said date relator appeared before respondents through its representatives, Messrs. Warnick J. Kernan, Stephen C. Coombs, special engineer for the tax department, and H. L. Rockwell, land and tax agent of the relator. The relator produced and submitted information required by subdivision 6 of the above notice and to comply with subdivision 9 of said notice offered Messrs. Coombs and Rockwell for examination in place of Messrs. J. H. Roach and A. W. Carpenter. The relator refused to comply with the said notice in all other respects. Respondents offered it a further adjournment which offer was declined.

Relator contends " that there was no such wilful neglect or refusal to attend and be examined or to answer any material question put to relator, its agents or representatives, as to justify the order prayed for; " that " the said demand for information was not made in good faith, that respondents have not been prejudiced by reason

of relator's refusal;" that the "forfeiture of the right to review an assessment because of a failure to answer material questions, equally as a forfeiture on any other ground, is an affirmative defense to be pleaded and proven — and cannot be determined by affidavits because forfeiture is a question of fact which can only properly be determined after trial of the issues."

Relator cannot refuse to be examined or to produce papers relating to the assessment on the theory that the examination may be inquisitorial and the papers not material. Whether the information sought is material " is for the commissioners to determine and not the person who presents himself to obtain a reduction of his assessment." (*People ex rel. Claflin Co.* v. *Feitner,* 58 App. Div. 468, 471.)

The assessors had before them the information sought in subdivisions 7 and 8 when said demand was made. Moreover, it appears that relator was not in position to furnish the information required by said subdivisions.

Section 37 of the Tax Law empowers the assessors to require the appearance before them of the party assessed, his agent or representative, *or any other person.* It does not empower them to select the particular agent or representative they would like to examine. " They may require " the party assessed to appear in person or by some agent or representative competent to furnish all information pertinent to the assessment. This is the limit of their power. When the taxpayer produces a person possessed of the required information, the measure of his or its duty is met. (*People ex rel. Brown* v. *O'Rourke,* 31 App. Div. 583, 588.) The relator, without evasion and in good faith, offered Coombs and Rockwell in place of Roach and Carpenter and vouched for their competency. For the moment, at least, this sufficed. (*People ex rel. American Mfg. Co.* v. *Gifford,* 134 Misc. 487, 489.) Inquisition would have determined whether or not they possessed the facts underlying relator's complaint, but inquisition there was none. Reason there was why Roach and Carpenter were not produced. Why Coombs and Rockwell were not examined remains unexplained.

The information and documents called for in subdivisions 1, 2, 3, 4 and 5 of the above notice do not relate to the assessment in question. Relator was within its rights in refusing to furnish same. (Tax Law, § 37.) The " any other person " referred to in section 37 is someone in possession of facts pertinent to the assessment and who is not under the control of the taxpayer.

The relator " set before the assessors the facts upon which it required them to act and upon which it now claims over-valuation

and inequality." This was the measure of its duty in this respect. (*People* v. *Gifford, supra,* 488.)

Failure upon the part of a relator to produce documents relating to the assessment sought to be reviewed is not a ground for granting of an order to dismiss a writ of certiorari. It is rather a matter of defense to be pleaded in the return and proved upon the trial. (*People ex rel. New York & Q. C. R. R. Co.* v. *Tax Commissioners,* 55 App. Div. 218, 222.) The only basis for a dismissal of a writ of certiorari by motion is where there is a willful neglect or refusal to attend and be examined or to answer any material question. (Tax Law, § 37; *People ex rel. Trojan Realty Co.* v. *Purdy,* 174 App. Div. 702, 709.)

Motion for dismissal of writ of certiorari, etc., is denied, without costs.

Ordered accordingly.