In the Matter of the Application of the CITY OF ALBANY, Appellant, for a Writ of Certiorari to Review an Assessment Made by the ASSESSORS OF THE TOWN OF COEYMANS, ALBANY COUNTY, NEW YORK, Respondents. (Assessment of 1937.)

Third Department, March 9, 1938.

*Joseph J. Casey, Corporation Counsel,* for the appellant.

*Eugene J. Hummer* [*Ellis J. Staley* of counsel], for the respondents.

HEFFERNAN, J.   The city of Albany has appealed from an order of the Rensselaer Special Term of the Supreme Court quashing a writ of certiorari and dismissing the proceeding for want of jurisdiction in the issuance of the writ.

The proceeding is for the review of a tax assessment of property owned by appellant and situated in the town of Coeymans, Albany county.   On September 21, 1937, appellant's petition for the allowance of a writ of certiorari to review the assessment of its property was presented to the Supreme Court.   The justice to whom the application was made granted an order directing the issuance of the writ which was allowed on the same day.

The grounds on which appellant based its right to review the assessment are limited to allegations of overvaluation and inequality. A review of a tax assessment is permitted under the statute (Tax Law, § 290) only when it appears that a protest against the assessment has been made in due time to the proper officers except in a case where there is no jurisdiction to assess.   The court has jurisdiction to review the assessment only when such protest has in fact been made.   (*People ex rel. Rochester Lamp Co.* v. *Feitner,* 65 App. Div. 224; *People ex rel. Horton* v. *Ferguson,* 120 id. 563; *People ex rel. Mutual Union Telegraph Co.* v. *Comrs. of Taxes & Assessments of City of New York,* 99 N. Y. 254.)   If no protest was made then it follows that the court has no jurisdiction of the subject of the proceeding.   However, the absence of a complaint on grievance day and of allegations of the existence of such a complaint in the petition does not prevent attack on the assessments as void for lack of jurisdiction.   (*People ex rel. Erie R. R. Co.* v. *State Tax Comm.,* 246 N. Y. 322.)

The petition contains the following significant statement: " The petitioner made application in the manner provided by statute to said board of assessors for the correction of said assessment in the particulars aforesaid during the time limited by statute therefor, but they have refused to make such correction."

As previously indicated, the basis of the attack on the assessments in the proceeding before us is confined to assertions of overvaluation and inequality.

After the institution of the proceeding and before making their return to the writ, respondents, on the petition, the writ, the order therefor, their own affidavits and the exhibits annexed thereto, obtained an order from a justice of the Supreme Court directing appellant to show cause at a Special Term of the court why an order should not be made dismissing the proceeding because of lack of jurisdiction. In their affidavits and proofs presented therewith respondents established that on July 31, 1937, in their capacity as assessors, they caused to be posted and published the statutory notice of completion of the assessment roll, stating where a copy thereof could be examined and that they would meet on the third Tuesday of August, at a time and place specified in such notice, " to hear and examine all complaints in relation to such assessments, on the application of any person conceiving himself aggrieved thereby." The affidavits and documents attached thereto further show that respondents did meet at the time and place specified in the notice; that but six taxpayers appeared or protested; that certain revisions and corrections in the assessments were made by reason of such protests or appearances and that on the same day the assessment roll was finally completed; that on August 21, 1937, it was duly verified. The uncontradicted affidavits also established that neither appellant, nor any representative on its behalf, appeared before the assessors at any time or filed with them any protest against the assessment, nor was any application made by appellant for a hearing in relation thereto.

Upon the return of the order to show cause appellant utterly failed to submit any proof whatsoever that at any time prior to the completion and verification of the assessment roll it made any complaint, protest, objection or remonstrance to the respondents against the assessment of its property. The corporation counsel merely filed with the court a vague affidavit stating that if the court decided that it had jurisdiction to hear the motion that then appellant should " be given an opportunity to present testimony relative to the filing of a protest with the board of assessors of the town of Coeymans." No contention was then made by the corporation counsel that appellant had in fact made any protest against the assessment. There

was no claim made that appellant had in its possession any proof that such a protest was made. No application was made by appellant for an opportunity to submit proof of the allegation in its petition that an objection to the assessment was ever filed. In view of the positive proof before the court submitted by respondents showing that no remonstrance was ever made against the assessment by appellant the Special Term was fully justified in dismissing the writ. The appellant should have informed the court of its ability to furnish proof on a vital issue. A short affidavit by any responsible officer of appellant showing when the protest was filed, with whom, and the substance thereof, would have accomplished the purpose. Instead appellant's counsel submitted a request for permission " to present testimony relative to the filing of a protest." The affidavit omitted to indicate the name of the person whose testimony was to be taken or the nature thereof.

The averment in the petition that appellant made application in the manner provided by statute to respondents for the correction of its assessment was sufficient upon its face to confer jurisdiction upon the court to grant the writ in the first instance. However, an allegation in the petition, essential to confer jurisdiction upon the court to grant the writ in the first instance, when not sustained by proof, does not survive such proof or justify the continuance of a proceeding of which the court in fact has no jurisdiction. The statutory jurisdictional requirement is not satisfied merely by the assertion that such application was made but only by the fact that it was actually made. (*People ex rel. Albany County Savings Bank* v. *Lewis*, 226 App. Div. 182.) Jurisdiction cannot be conferred by mere averment and a process of the court issued in reliance upon such an allegation cannot survive proof to the contrary. Courts are not so circumscribed, so impotent, so helpless, that they are unable to grant prompt and efficacious relief to those against whom their process has run when it becomes evident that the judicial machinery was put in motion by suitors who fail to sustain the averments of their pleading.

Writs of certiorari in tax cases may be quashed before making a return thereto, upon proof by affidavits that the court is without jurisdiction to entertain the proceeding. If the ground of attack on the writ does not appear upon the face of the papers, the burden is upon the moving party to establish it by affidavit or testimony under oath. (*People ex rel. Albany County Savings Bank* v. *Lewis*, *supra; People ex rel. Grant Realty Corp.* v. *Clinton*, 138 Misc. 333.)

In the instant proceeding it is clearly established that appellant failed to make timely protest against the assessment of its property and hence the court has no jurisdiction of the subject of the proceeding. Time and again writs of certiorari have been quashed and the

proceedings dismissed by motion before return upon proof of jurisdictional defects by affidavits. (*People ex rel. Brooklyn Heights Railroad Co.* v. *Public Service Commission*, 101 Misc. 10; affd., 180 App. Div. 895; *People ex rel. Central Hudson Gas & Electric Co.* v. *Woodbury*, 171 id. 300; affd., 219 N. Y. 577; *People ex rel. New York Central Railroad Co.* v. *Gilson*, 239 App. Div. 108; affd., 265 N. Y. 457.) Likewise the writ will be quashed if application therefor was made after the expiration of the time within which to apply for such relief (*People ex rel. Crystal Water Co.* v. *Coler*, 38 App. Div. 604; *People ex rel. Western N. Y. & P. R. Co.* v. *Woodbury*, 133 id. 503; affd., 201 N. Y. 532; *People ex rel. Central Hudson Gas & Electric Co.* v. *State Board of Tax Comrs.*, 219 id. 577), or if it is established that the applicant willfully neglected and refused to attend before the assessors for examination. (*People ex rel. Horton* v. *Ferguson, supra; People ex rel. Trojan Realty Corp.* v. *Purdy*, 174 App. Div. 702; *People ex rel. New York Central R. R. Co.* v. *Jones*, 144 Misc. 776; *People ex rel. Iroquois Gas Corp.* v. *Benning*, 148 id. 653), or that upon such examination the taxpayer refused to answer material questions (*People ex rel. New York Central R. R. Co.* v. *Jones, supra; People ex rel. Iroquois Gas Corp.* v. *Benning, supra; People ex rel. American Mfg. Co.* v. *Gifford*, 134 Misc. 487).

Respondents have adopted the proper practice in moving to supersede the writ before return upon affidavits establishing that the court is without jurisdiction of the subject-matter. The provisions of article 13 of the Tax Law permitting a review of assessments by certiorari in so far as they regulate the practice and the issuance of the writ in tax cases are exclusive. Where, however, the Tax Law is silent the provisions of the Civil Practice Act and the Rules of Civil Practice are to be applied by the courts. (*People ex rel. New York Central Railroad Co.* v. *Gilson, supra; People ex rel. New York Central Railroad Co.* v. *Block*, 178 App. Div. 251; *People ex rel. Empire Mortgage Co.* v. *Cantor*, 198 id. 317.) The provisions of the Civil Practice Act may also supply details of practice where such details are not provided for in the Tax Law. (*People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Feitner*, 58 App. Div. 343.) Section 1306 of the Civil Practice Act expressly provides for the application of procedure in relation to actions to proceedings in certiorari.

Motions to quash writs of certiorari under the old practice were regarded as being in the nature of demurrers to complaints. Under the present practice the remedy is by motion, pursuant to rule 107 of the Rules of Civil Practice, based upon the complaint (here the petition) and affidavits stating facts tending to show " that the court has not jurisdiction of the subject of the action."

The order appealed from should be affirmed, with fifty dollars costs and disbursements.

HILL, P. J., McNAMEE, CRAPSER and BLISS, JJ., concur.

Order affirmed, with fifty dollars costs and disbursements.