In the Matter of the BOARD OF MANAGERS OF KEMEY'S COVE CONDOMINIUM, Appellant, v BOARD OF ASSESSORS OF THE VILLAGE OF OSSINING et al., Respondents. (And Two Other Actions.)—In proceedings pursuant to article 7 of the Real Property Tax Law, the Board of Managers of Kemey's Cove Condominium, the petitioner in each proceeding, appeals (1) from an order of the Supreme Court, Westchester County, dated November 30, 1978, which denied its motion to set aside a prior decision of the court, or, alternatively, to have the court take additional testimony, (2) as limited by its brief, from so much of a judgment of the same court, dated January 11, 1979, as dismissed consolidated proceedings against the Town of Ossining, and (3) from a second judgment of the same court, also dated January 11, 1979, which dismissed a proceeding against the Village of Ossining. Appeal from the order dismissed, without costs or disbursements (see *Matter of Aho*, 39 NY2d 241, 248). Judgment against the town reversed insofar as appealed from, and judgment against the village reversed, on the law and as a matter of discretion, without costs or disbursements, and proceedings remitted to Special Term for further proceedings consistent herewith. In each of the petitions which commenced the instant proceedings, petitioner alleged that it had "duly made and filed with respondent[s] a written application and statement under oath, to have [the] assessed valuation of [the subject] real property corrected and revised, specifying therein the respect in which the assessment complained of was incorrect, and which application and statement sought to reduce the assessment complained of as set forth in [each of the respective petitions]." Each petition further alleged that "The said application and statement are hereby referred to and *made part of this application* as though fully set forth herein" (emphasis supplied). In so alleging, petitioner complied with the statutory requirement that a petition in a proceeding brought pursuant to article 7 of the Real Property Tax Law "must show that a complaint was made in due time to the proper officers to correct [the challenged] assessment" (Real Property Tax Law, § 706). No answer to any of the petitions was interposed by respondents and a full trial was conducted, during the course of which the

parties presented evidence on the issues of valuation and proper assessment of a 120-unit condominium complex. At no time did respondents raise any issue as to the timeliness of the service of protests upon them. Indeed, the posttrial brief of the attorney who tried the case for all respondents acknowledged: "The issue before this Court is the value of the Kemey's Cove condominium. All of the other elements necessarily involved in this Proceeding have been agreed upon by the parties." Despite the absence of any real dispute over the timeliness of the service of complaints upon respondents, Special Term *sua sponte* dismissed all the proceedings herein upon the ground that petitioner had failed to prove, at trial, that timely protests had been made. The court reasoned that the question of timely service *was* at issue because section 712 of the Real Property Tax Law deems all allegations of the petition denied where no answer is interposed. Since no evidence of service had been adduced at trial, the court concluded that petitioner had failed to satisfy a jurisdictional prerequisite to judicial review. Petitioner subsequently moved, pursuant to CPLR 4404 (subd [b]), to set aside Special Term's decision. Petitioner apparently appended to its papers copies of the protests, each of which bore the assessor's date stamp— thus indicating that the protests had been filed in a timely fashion. However, in denying petitioner's motion upon the ground that this evidence was neither newly discovered nor previously inaccessible, Special Term ordered these documents deleted from the record on appeal. It based this ruling upon the ground that these documents had not been introduced into evidence at trial. The proceedings should be remitted to Special Term for a determination of the issues of valuation and proper assessment on the merits. Special Term abused its discretion in raising the issue of timely service of the complaints *sua sponte.* In all of the cases relied upon by the court, the assessors themselves had affirmatively challenged proper service of the complaint *(Matter of Van Patten v Board of Assessors of Town of Clifton Park,* 33 AD2d 323; *Matter of City of Albany v Assessors of Town of Coeymans,* 253 App Div 436; *Matter of Duane Realty Corp. v Board of Assessors of Town of Rotterdam,* 55 Misc 2d 1007; *Matter of Vanadium Corp. of Amer. v Board of Assessors of Town of Niagara,* 50 Misc 2d 570). While it is true that where no answer is interposed, all allegations of the petition shall be deemed denied (Real Property Tax Law, § 712), the "deemed denied" section was intended for the benefit of the petitioner *(Matter of Connolly v Board of Assessors of County of Nassau,* 51 Misc 2d 975). It should not be used, as the court did here, to ambush petitioner's case at the conclusion of a full trial. In *Matter of Ithaca Masonic Temple Corp. v Calistri* (57 Misc 2d 72), the board of assessors interposed no answer. Upon a motion to dismiss the petition, the court held that for the purpose of such motion, "the respondent must be deemed to have admitted all the allegations of the petition with reference to * * * the proper filing of the assessment rolls and timeliness of the objection". With respect to the court's "own motion" at bar, the same approach should have been taken. Furthermore, respondents acknowledged, in their posttrial brief, that there was no issue with respect to timely service. The parties to a lawsuit are free to chart their own course at the trial and may fashion the basis upon which a particular controversy will be resolved *(Cullen v Naples,* 31 NY2d 818). Contrary to Special Term's view, petitioner did not fail to satisfy a jurisdictional prerequisite. "The averment in the petition that appellant made application in the manner provided by statute to respondents for the correction of its assessment was sufficient upon its face to confer jurisdiction upon the court" where, as here, there was no proof to the contrary (see

*Matter of City of Albany v Assessors of Town of Coeymans,* 253 App Div 436, 439, *supra).* In this regard it is noted that the pertinent allegations of the petitions incorporated the protests into the said petitions by reference. O'Connor, J. P., Rabin, Gulotta and Margett, JJ., concur.