█ In the Matter of GEORGIAN COURT APARTMENT MASIS PARSEGHIAN, Respondent, v ASSESSOR OF THE TOWN OF ORANGETOWN et al., Appellants.—Mercure, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Palella, J.), entered August 13, 1990 in Rockland County, which

---

granted petitioner's application, in a proceeding pursuant to RPTL article 7, to reduce the tax assessments on petitioner's real property for the years 1987 and 1988.

Petitioner commenced two RPTL article 7 proceedings to review the tax assessment on its property in the Town of Orangetown, Rockland County, for the 1987 and 1988 tax years. Petitioner's property consists of approximately 1.29 acres of land improved with two two-story garden apartment buildings containing a total of 32 units. Respondents assessed the property in both tax years at a total value of $1,624,600, attributed $114,900 to land and $1,509,700 to buildings. The proceedings were consolidated and a trial was conducted in June 1989.

Bob Sterling, petitioner's appraiser, valued the land by first considering three 1984 and 1985 sales of Rockland County property purchased for condominium use, dividing each of the sale prices by the total number of permitted dwelling units to establish a per unit value, adjusting that value upward to compensate for increased property values of 7% per year and adjusting downward for differences in density (10%) and use (35%). The substantial downward adjustment for use was attributed to the fact that investors overwhelmingly favor development of condominiums over rental units. Applying this methodology, Sterling valued the land at $243,000 as of January 1, 1987 and $260,000 as of January 1, 1988.

Sterling utilized the capitalization of net income approach to value the buildings and to determine the total value of the property. Using the actual figures set forth on petitioner's statement of income and expenses filed in accordance with 22 NYCRR 202.59 (b), Sterling determined net income for each of the tax years by multiplying the January rental and laundry income by 12 and subtracting from the product thereof (1) a 2% vacancy allowance, (2) actual reported expenses for fuel and utilities, insurance, repairs and maintenance, and miscellaneous expenses, and (3) a management fee of 4% and an extraordinary repair and replacement reserve of 1% of gross income. Then, applying the split rate building residual capitalization technique, Sterling computed separate capitalization rates for land and for buildings for each tax year. The capitalization rate for land was the sum of an estimated interest rate, derived from reported yield averages on "Baa" rated corporate bonds, and an effective tax rate. The capitalization rate for buildings was equal to that for land plus a recapture rate based upon the remaining economic life of the buildings on the site.

Supreme Court adopted Sterling's land valuation in all respects except for the 35% downward adjustment for use, which it reduced to 10%, thereby deriving values of $355,000 for 1987 and $380,000 for 1988. Supreme Court also adopted Sterling's net income figures and capitalization rates in all respects except for eliminating the 2% vacancy allowance and reducing the estimated interest rate for 1987 from 10.38% to 10% and for 1988 from 11.63% to 11%. Supreme Court's adjustments brought about building values of $739,402 in 1987 and $795,780 in 1988, and total land and building values of $1,094,402 in 1987 and $1,175,780 in 1988. Supreme Court, in a thorough and well-reasoned decision, ordered that petitioner's assessment be reduced and the excess tax refunded accordingly. Respondents appeal.

We affirm. Initially, we agree with Supreme Court's denial of respondents' motion to dismiss the petition upon the ground that petitioner failed to come forward with competent proof of the timely filing of grievances with respondents. The objection, raised for the first time at the conclusion of respondents' proof, was untimely and, further, had no basis in fact. Each of the petitions incorporated by reference a timely written application to correct the assessments and thus complied with the requirement of RPTL 706 (2) that the petition "show that a complaint was made in due time to the proper officers to correct such assessment". Contrary to respondents' assertion, the statutory denial of RPTL 712 (1) did not of itself suffice to raise a factual issue in this regard and may not "be used * * * to ambush petitioner's case at the conclusion of a full trial" *(Matter of Board of Managers of Kemey's Cove Condominium v Board of Assessors,* 73 AD2d 621, 622, *appeal dismissed* 49 NY2d 917). Similarly, we reject the contention that petitioner failed to prove the income and expenses which its appraiser relied upon. The actual income and expense figures employed by petitioner's expert were those set forth in petitioner's statement of income and expenses filed in accordance with 22 NYCRR 202.59 (b). Respondents, having failed to request an audit of petitioner's books and records within 60 days after service of the statement of income and expenses, waived that privilege (22 NYCRR 202.59 [c]) and were thereafter estopped to challenge the accuracy of the information supplied by petitioner.

We also reject respondents' contention that, in the absence of evidence of substantial accrued depreciation, Sterling improperly relied upon the split rate building residual capitalization technique. Although Sterling testified that the buildings

had been well maintained and were in good physical condition, he also testified that half of the apartments suffered from functional obsolescence. Further, the evidence showed that there was a wide discrepancy between the value of the land and the value of the buildings. Under the circumstances, there was adequate factual support for use of split capitalization rates (see, Matter of City of New York [Oceanview Terrace], 42 NY2d 948, 949-950; Matter of Continental Assur. Co. v Mayor of Inc. Vil. of Lynbrook, 113 AD2d 795, 797-798, appeal dismissed 66 NY2d 915).

We have considered respondents' remaining contentions and find them also lacking in merit. Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.